THE HONORABLE RICARDO S. MARTINEZ

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STEVEN BENANAV, BRYAN GAGE, MONICA KOWALSKI, LINDSAY PURVEY, STEPHANIE CAUGHLIN, and KATHERINE THOMAS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HEALTHY PAWS PET INSURANCE LLC,<br><br>Defendant. | No. 2:20-cv-00421-RSM<br><br>**HEALTHY PAWS PET INSURANCE LLC'S REPLY IN FURTHER SUPPORT OF ITS MOTION STRIKE PLAINTIFFS' NATIONWIDE CLASS ALLEGATIONS**<br><br>NOTE ON MOTION CALENDAR:<br><br>February 18, 2021<br><br>ORAL ARGUMENT REQUESTED |

REPLY IN SUPPORT OF MOT. TO STRIKE
2:20-cv-00421-RSM

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
Phone (206) 905-7000

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ................................................................................................................................. 2

I.  MATERIAL DIFFERENCES IN STATE INSURANCE LAWS AND
    INDIVIDUAL ISSUES PRECLUDE A NATIONWIDE CLASS ........................................ 2

II. IT IS NOT "PREMATURE" TO STRIKE PLAINTIFFS' NATIONWIDE CLASS ........... 4

CONCLUSION .............................................................................................................................. 5

REPLY IN SUPPORT OF MOT. TO STRIKE
2:20-cv-00421-RSM-i

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA  98101
Phone (206) 905-7000

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Amchem Prod., Inc. v. Windsor*,
    521 U.S. 591 (1997) .................................................................................................. 2

*Centeno v. Quigley*,
    2015 WL 432537 (W.D. Wash. Feb. 2, 2015) ........................................................... 5

*Darrington v. Assessment Recovery of Washington, LLC*,
    2014 WL 3858363 (W.D. Wash. Aug. 5, 2014) ........................................................ 5

*Degenhart v. AIU Holdings, Inc.*,
    2010 WL 4852200 (W.D. Wash. Nov. 26, 2010) ...................................................... 4

*Georgine v. Amchem Prod., Inc.*,
    83 F.3d 610 (3d Cir. 1996) ......................................................................................... 2

*Gessele v. Jack in the Box, Inc.*,
    2012 WL 3686274 (D. Or. Aug. 24, 2012) ................................................................ 5

*Gomez v. Rossi Concrete Inc.*,
    2011 WL 666888 (S.D. Cal. Feb. 17, 2011) .............................................................. 5

*Grundmeyer v. Allstate Prop. & Cas. Ins. Co.*,
    2015 WL 9487928 (W.D. Wash. Sept. 29, 2015) ...................................................... 2

*Gustafson v. BAC Home Loans Servicing, LP*,
    294 F.R.D. 529 (C.D. Cal. 2013) ............................................................................... 3

*Hunt v. Check Recovery Sys., Inc.*,
    2007 WL 2220972 (N.D. Cal. Aug. 1, 2007) ............................................................. 3

*Hunt v. Imperial Merch. Servs., Inc.*,
    560 F.3d 1137 (9th Cir. 2009) .................................................................................... 4

*Kunzelmann v. Wells Fargo Bank, N.A.*,
    2013 WL 139913 (S.D. Fla. Jan. 10, 2013) ........................................................... 2, 5

*Pilgrim v. Universal Health Card, LLC*,
    660 F.3d 943 (6th Cir. 2011) .................................................................................. 2, 3

*Sanders v. Apple Inc.*,
    672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) ................................................................ 4

*Schwarzschild v. Tse*,
    69 F.3d 293 (9th Cir. 1995) ........................................................................................ 5

*Tietsworth v. Sears*,
    720 F. Supp. 2d 1123 (N.D. Cal. 2010) ...................................................................... 4

*Villa v. San Francisco Forty-Niners, Ltd.*,
    104 F. Supp. 3d 1017 (N.D. Cal. 2015) ...................................................................... 5

REPLY IN SUPPORT OF MOT. TO STRIKE
2:20-cv-00421-RSM-ii

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
Phone (206) 905-7000

*Zinser v. Accufix Research Institute, Inc.*,
       253 F.3d 1180 (9th Cir. 2001) ................................................................................... 2

**Rules and Regulations**

Fed. R. Civ. P. 11(b) ............................................................................................................ 3

REPLY IN SUPPORT OF MOT. TO STRIKE
2:20-cv-00421-RSM-iii

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA  98101
Phone (206) 905-7000

# PRELIMINARY STATEMENT

Healthy Paws acknowledges that it is the rare case in which striking class allegations before discovery is appropriate—but this is that case. In addition to asserting state law deceptive practices claims on behalf of putative classes of California, New Jersey, and Illinois Healthy Paws customers—which Healthy Paws does not seek to strike in this Motion—Plaintiffs assert a Washington Consumer Protection Act ("CPA") claim on behalf of a putative nationwide class of *all* Healthy Paws customers whose insurers in their respective states allegedly increased their rates on the basis of the pet-age factor. It is undisputed that in certain states—like Washington—members of the putative class have already been fully compensated by their insurers for the alleged harm through the appropriate administrative process. In other states—like California and New Jersey—the putative class members' claims are barred by the filed rate doctrine, as this Court previously held. Dkt No. 42 (10/15/20 Order), at 14-22. If the Court again holds that the California and New Jersey Plaintiffs' claims are barred by the filed rate doctrine, but permits the Illinois Plaintiff's claims to proceed, for example, it would not make sense to permit the Illinois Plaintiff to pursue relief—and burdensome discovery—on behalf of a nationwide class that includes class members whose claims the Court determined are barred by the filed rate doctrines in their respective states. This is particularly so given the Court's admonition that, to avoid the filed rate doctrine, Plaintiffs must plausibly allege they "paid premiums in excess of filed rates" in their respective states. Plaintiffs do not—and cannot credibly—make that allegation on behalf of customers nationwide.

The appropriate solution in this situation is not to give putative class members who have already been compensated or whose claims are barred by the filed rate doctrine the "opportunity to opt out," or to later "create subclasses," as Plaintiffs argue. Rather, before subjecting the parties and the Court to the burden of conducting a 50-state analysis of the applicable insurance regulations and laws to determine whether any putative class members in each state have a viable claim, Plaintiffs should first identify at least one customer from each state who can plead a claim that is not barred by his or her respective state's filed rate doctrine. The SAC fails in this regard.

REPLY IN SUPPORT OF MOT. TO STRIKE
2:20-cv-00421-RSM -1

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
Phone (206) 905-7000

# ARGUMENT

## I. MATERIAL DIFFERENCES IN STATE INSURANCE LAWS AND INDIVIDUAL ISSUES PRECLUDE A NATIONWIDE CLASS

Plaintiffs largely ignore the differences in how the filed rate doctrine is applied from state to state, arguing that Healthy Paws has failed to show "why each state's *consumer protection laws* materially conflict …." Opp. 7 (emphasis added). That is beside the point. For the putative nationwide class, Plaintiffs assert only a single claim under Washington's CPA. Assuming, *arguendo*, that all policyholders nationwide could proceed under this single statute, whether particular class members' claims are absolutely barred by the filed rate doctrine, or their rates are subject to a rebuttable presumption of reasonableness, or neither, depends on each class member's state of residence, the insurer's filings in that state, and that state's filed rate doctrine.

Numerous Courts of Appeals, including the Ninth Circuit, have refused to certify nationwide classes where—as here—it would require analysis of the laws of all fifty states. *See Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001) (affirming denial of nationwide class certification due to the variations between 48 state's negligence, product liability, and medical monitoring laws); *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 945 (6th Cir. 2011) (same for consumer protection laws); *Georgine v. Amchem Prod., Inc.*, 83 F.3d 610, 627-30 (3d Cir. 1996) (same for asbestos litigation), *aff'd sub nom. Amchem Prod., Inc. v. Windsor*, 521 U.S. 591 (1997). In at least one case, *Kunzelmann v. Wells Fargo Bank, N.A.*, the court specifically held that "certification of a nationwide class [is] improper" where it implicates each state's filed rate doctrine. *See* 2013 WL 139913, *12 (S.D. Fla. Jan. 10, 2013).

The variances in state insurance laws and filed rate doctrines are more than a mere "manageability" issue, as Plaintiffs contend. Opp. 8-9. It creates a clear problem of individualized issues predominating.[1] As described in Healthy Paws' Motion to Dismiss, the Healthy Paws

---

[1] Plaintiffs strain to distinguish *Grundmeyer v. Allstate Prop. & Cas. Ins. Co.*, 2015 WL 9487928 (W.D. Wash. Sept. 29, 2015), in which the court struck nationwide class allegations against an insurer for lack of commonality. Opp. 6. Plaintiffs attempt to distance themselves from *Grundmeyer*, claiming that the claims there involved analysis of plaintiffs' individualized circumstances. *Id.* But so too here.

REPLY IN SUPPORT OF MOT. TO STRIKE
2:20-cv-00421-RSM -2

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
Phone (206) 905-7000

program involved different insurers filing different rates with different state regulating agencies at different times. *See* Dkt. No. 49, at 4-10. Parsing each state's insurance and filed rate law, as discussed *supra*, would only be the first step. The parties—and the Court—would then need to analyze whether Healthy Paws customers in each state "paid premiums in excess of the filed rates." Dkt. No. 42 (10/15/20 Order), at 16. This would require a state-by-state analysis of whether insurers in the Healthy Paws program applied the pet-age factor at a time when the states' respective insurance regulators had not approved it. *See Pilgrim*, 660 F.3d at 947-48 (holding that even if there was conceivably a case where "considerable factual overlap" overcame the problem of materially different state laws, the fact that "[t]he defendants' [healthcare] program did not operate the same way in every State and the plaintiffs suffered distinct injuries as a result" precluded certification); *Gustafson v. BAC Home Loans Servicing, LP*, 294 F.R.D. 529, 545 (C.D. Cal. 2013) (rejecting nationwide class where it would involve "evaluat[ing] the filed rates of various jurisdictions").

Moreover, at this stage, Plaintiffs have not even plausibly *alleged* that Healthy Paws customers nationwide were charged the pet-age factor before each state's respective DOI approved it. Until Plaintiffs can make plausible and good faith allegations based on "an inquiry reasonable under the circumstances," *see* Fed. R. Civ. P. 11(b), that Healthy Paws customers in all 50 states were charged the pet-age factor at a time when the states' respective DOIs had not approved it, their nationwide class allegations should be stricken.

Plaintiffs' argument that they should be permitted nationwide discovery *now*, and address the facially overbroad nationwide class definition *later*, by what they call the "opt-out safeguard[]," or creating "subclasses," is meritless. Opp. 8. It is undisputed that the current class definition includes a state in which Healthy Paws customers were already "made whole" by their insurer. Cobb Decl. Ex. 3 (Consent Order) ¶ 33, and p. 9 ¶ 5(d). Giving consumers the *option* to "to opt out" of a future class does not fix the problem for the obvious reason that most consumers will not exercise that right and will remain in the class, even if, like the Washington policyholders, they lack standing because they were already made whole. *See Hunt v. Check Recovery Sys., Inc.*, 2007 WL 2220972, at *3 (N.D. Cal. Aug. 1, 2007) ("Only those class members who suffered actual damages should receive notice or the opportunity to opt out."), *aff'd sub nom. Hunt v. Imperial Merch. Servs.*,

REPLY IN SUPPORT OF MOT. TO STRIKE
2:20-cv-00421-RSM -3

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
Phone (206) 905-7000

*Inc.*, 560 F.3d 1137 (9th Cir. 2009); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (striking class definition when it included "individuals [who] suffered no damages" because "no class may be certified that contains members lacking Article III standing") (internal quotations omitted); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010) (granting motion to strike class allegations because they included "members [who] have no injury and no standing to sue").

Nor does creating "subclasses" fix the problem. Presumably, the subclasses would be defined by state of residence. But Plaintiffs should be required to plausibly allege that members of these putative state-by-state subclasses paid rates in excess of filed rates *before* they are entitled to discovery in every state.

## II. IT IS NOT "PREMATURE" TO STRIKE PLAINTIFFS' NATIONWIDE CLASS

While Plaintiffs are correct that courts generally find that striking class allegations before discovery is premature, Plaintiffs do not dispute that the Court has the authority to do it. It would not be premature here for the reasons discussed above.

The cases Plaintiffs cite denying motions to strike class allegations pre-discovery are inapposite. In all but one, the nationwide class claims did not involve material differences in the applicable state law or regulations, and none involved an entire state where the alleged injury had already been "made whole" by the state's regulator. In the one case Plaintiffs cite in which the court did consider the potential for material state law variances—*Degenhart v. AIU Holdings, Inc.*, 2010 WL 4852200, at *5 (W.D. Wash. Nov. 26, 2010)—the court's decision was despite the fact that the court "tend[ed] to agree" that a nationwide class would be problematic given the "differences in state laws and the obvious problems of proof …." *Id.* Moreover, the decision contained virtually no analysis and is readily distinguishable as predominately a breach of contract case where the court was not dealing with state filed rate doctrines, but rather the comparatively simple (and less material) question of whether states' laws defined the term "diminished value" differently. *Id*.

Finally, Plaintiffs argue that the material differences in state insurance laws and filed rate doctrines are a "red herring" because, as Plaintiffs assert, the "filed rate doctrine defense will rise or fall in one fell swoop at summary judgment, thereby, dispensing of it and rendering it a moot

REPLY IN SUPPORT OF MOT. TO STRIKE
2:20-cv-00421-RSM -4

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
Phone (206) 905-7000

issue at class certification." Opp. 7 n.2.  Plaintiffs' argument misses the mark entirely.  *First,* as discussed *supra*, the application of the filed rate doctrine would *not* "rise or fall in one fell swoop."  The insurance law and filed rate doctrine of each state will need to be considered to determine if putative class members "paid premiums in excess of filed rates."  Dkt. No. 42 (10/15/20 Order), at 16; *see Kunzelmann*, 2013 WL 139913, at *12 ("To determine whether, and to what extent the filed-rate doctrine is applicable would require an analysis of each state's formulation of the doctrine and may require examination of the regulatory proceedings involved in approving the rate filed.").

*Second*, the issue will not be "mooted" by a summary judgment motion *before* class certification.  The case schedule does not provide for summary judgment before class certification.  Nor should it.  Under what is termed the "one-way intervention rule," courts in the Ninth Circuit refuse to hear summary judgment motions by putative class plaintiffs prior to class certification.  *See, e.g., Centeno v. Quigley*, 2015 WL 432537, at *2-3 (W.D. Wash. Feb. 2, 2015) (ruling plaintiffs' "summary judgment motion [was] premature prior to class certification" under the "one-way intervention rule"); *Villa v. San Francisco Forty-Niners, Ltd.*, 104 F. Supp. 3d 1017, 1020-21 (N.D. Cal. 2015) (same).[2]  And for good reason—such a motion would bind only the named Plaintiffs, and not any absent putative class members, thereby encouraging absent class members to file serial class actions until they get a positive outcome.  Otherwise, "[o]ne plaintiff could sue and lose; another could sue and lose; and another and another until one finally prevailed; then everyone else would ride on that single success."  *Villa*, 104 F. Supp. 3d at 1021.  Accordingly this issue will not be "mooted" prior to class certification.

## CONCLUSION

For the foregoing reasons, the nationwide class allegations in Plaintiffs' Second Amended Complaint should be stricken.

---

[2]  *Darrington v. Assessment Recovery of Washington, LLC*, 2014 WL 3858363, at *3-4 (W.D. Wash. Aug. 5, 2014) (same); *Gomez v. Rossi Concrete Inc.*, 2011 WL 666888, at *1-2 (S.D. Cal. Feb. 17, 2011) (same); *Gessele v. Jack in the Box, Inc.*, 2012 WL 3686274, at *3 (D. Or. Aug. 24, 2012) (same); *see also Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995) ("[D]istrict courts generally do not grant summary judgment on the merits of a class action until the class has been properly certified and notified.").

REPLY IN SUPPORT OF MOT. TO STRIKE
2:20-cv-00421-RSM -5

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA  98101
Phone (206) 905-7000

1 | DATED February 17, 2021

2 | QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Alicia Cobb*
Alicia Cobb, #48685
1109 First Avenue, Suite 210
Seattle, WA  98101
Phone (206) 905-7000
Fax (206) 905-7100
aliciacobb@quinnemanuel.com

Stephen A. Broome *(pro hac vice)*
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Phone (213) 443-3285
Fax (213) 443-3100
stephenbroome@quinnemanuel.com

Richard I. Werder, Jr. (*pro hac vice*)
Robert Longtin (*pro hac vice*)
51 Madison Avenue
New York, New York 10010
Phone (212) 849-7000
Fax (212) 849-7100
rickwerder@quinnemanuel.com
robertlongtin@quinnemanuel.com

*Attorneys for Healthy Paws Pet Insurance LLC*

REPLY IN SUPPORT OF MOT. TO STRIKE
2:20-cv-00421-RSM -6

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA  98101
Phone (206) 905-7000

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2021, I caused a true and correct copy of the foregoing to be filed in this Court's CM/ECF system, which will send notification of such filing to counsel of record.

DATED: February 17, 2021.

*/s/ Alicia Cobb*
Alicia Cobb, WSBA #48685

REPLY IN SUPPORT OF MOT. TO STRIKE
2:20-cv-00421-RSM -7

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA  98101
Phone (206) 905-7000