|  |  |
|---|---|
| STEVEN BENANAV et al.,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>HEALTHY PAWS PET INSURANCE LLC,<br><br>　　　　　　　　Defendant. | CASE NO. C20-00421-LK<br><br>ORDER GRANTING IN PART DEFENDANT HEALTHY PAWS' MOTION TO COMPEL |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

This matter comes before the Court on the parties' joint submission pursuant to Local Civil Rule 37(a)(2) regarding defendant Healthy Paws' motion to compel responses from Plaintiffs to its Interrogatory Numbers 2, 3, 5, and 6 and its Request for Admission Number 2. Dkt. No. 90. The Court heard oral argument on the motion on August 19, 2022.

The Court grants Healthy Paws' motion to compel in part and orders Plaintiffs to supplement or amend their responses to Interrogatory Numbers 2, 3, and 6 and Request for Admission Number 2 by the close of fact discovery on September 13, 2022. The Court denies Healthy Paws' motion to compel a response to Interrogatory Number 5 as moot. Dkt. No. 90 at 49.

ORDER GRANTING IN PART DEFENDANT HEALTHY PAWS' MOTION TO COMPEL - 1

I.     BACKGROUND

Plaintiffs Steven Benanav, Bryan Gage, Monica Kowalski, Lindsay Purvey, Stephanie Caughlin, and Katherine Thomas bring individual and putative class action claims against Defendant Healthy Paws for misleading them to believe that their pet insurance premiums would only increase as the costs of veterinary medicine increased. Dkt. No. 70 at 2–3. Healthy Paws markets and administers pet insurance policies to consumers on behalf of insurance companies, including non-parties Markel American Insurance Company, ACE American Insurance Company, Indemnity Insurance Company of North America, and Westchester Fire Insurance Company. *Id.* at 2. ACE, Indemnity, and Westchester are subsidiaries of parent company CHUBB Ltd. *Id.*

Between 2011 and 2017, Plaintiffs purchased pet insurance policies through Healthy Paws. *Id.* at 4–5. Plaintiffs allege that, at the time they purchased their policies, Healthy Paws did not inform them that it would increase the policy premiums based on a pets' age, and instead represented that premiums would "only increase . . . based on the rising cost of veterinary care." *Id.* at 8–12. Plaintiffs contend that Healthy Paws made this misrepresentation on its website—in the FAQ section and its sample policy documents—and in Plaintiffs' insurance policies. *Id.* at 8–10. Plaintiffs claim that had they known the monthly premiums would "drastically increase" as their pets aged, they never would have signed up for the policies. *E.g., id.* at 19. Plaintiffs claim that Healthy Paws' conduct violated Washington's Consumer Protection Act, Wash. Rev. Code §§ 19.86.010–920, California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200–17210, the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. § 505, and New Jersey's Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1–2.13. Dkt. No. 70 at 29–37.

The current iteration of Plaintiffs' complaint grew out of two orders dismissing their claims without prejudice. In the first of these orders, the Court held that Plaintiffs failed to adequately plead fraud under Federal Rule of Civil Procedure 9(b) and that their claims were barred by the

"filed rate doctrine" in Washington, California, and New Jersey law. Dkt. No. 42 at 9–22. The filed rate doctrine bars lawsuits challenging the reasonableness of insurance rates filed with and approved by a governing regulatory agency. *See id.* at 14. In its order granting Healthy Paws' motion to dismiss Plaintiffs Kowalski's, Gage's, Purvey's, and Caughlin's subsequently-amended claims, the Court found that their claims once again failed to adequately plead fraud under rule 9(b). Dkt. No. 63 at 21–22. But the Court rejected Healthy Paws' argument that the amended claims were barred by the filed rate doctrine, finding that "the gravamen of the [second amended complaint] is clear: the rates Plaintiffs paid allegedly exceeded those filed with and approved by their respective state insurance agencies because of the misrepresented pet age factor." *Id.* at 12. Plaintiffs subsequently amended their complaint a third time. Dkt. No. 70.

As the discovery phase nears its end in this case, disputes have arisen between the parties. On July 19, 2022, the parties filed a joint submission under Local Civil Rule 37(a)(2) on Healthy Paws' motion to compel responses to its Interrogatory Numbers 2, 3, 5, and 6 and its Request for Admission Number 2. Dkt. No. 90.

## II.     LEGAL STANDARD

Under Rule 33 of the Federal Rules of Civil Procedure, a party may serve upon any other party written interrogatories that relate to any matter that can be inquired into under Federal Rule of Civil Procedure 26(b)(1). Fed. R. Civ. P. 33(a). Rule 26(b)(1) permits discovery in civil actions

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

1   When a discovery dispute arises, "a party may move for an order compelling disclosure or
2   discovery" after meeting and conferring in good faith with the other parties. Fed. R. Civ. P.
3   37(a)(1); LCR 37(a)(1). Although the party seeking to compel discovery has the burden of
4   establishing that its requests are relevant, the party who resists discovery has the burden to show
5   discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its
6   objections. *Doe v. Trump*, 329 F.R.D. 262, 270 (W.D. Wash. 2018).

### III.   DISCUSSION

Healthy Paws moves to compel responses from Plaintiffs to its Interrogatory Numbers 2, 3, 5, and 6 and its Request for Admission Number 2. Dkt. No. 90 at 6. In the joint submission, Healthy Paws argues that Plaintiffs improperly refuse to provide discovery responses that clarify the factual bases of allegations that "go to the very core of Plaintiffs' case," including Plaintiffs' allegations that they paid premiums that exceeded the filed rates and that Healthy Paws misrepresented how premiums would be calculated. *Id.* Healthy Paws adds that Plaintiffs are required to have a "good faith basis" under Federal Rule of Civil Procedure 11 for the factual assertions in their complaint, and that Healthy Paws is entitled to discovery into that basis. *Id.*

Plaintiffs respond that the discovery Healthy Paws seeks is premature: at the date of their filing, over two months of fact discovery remained, third-party discovery of the relevant insurers was incomplete, no depositions had been taken, and expert reports were not due for at least three months. *Id.* at 7. In addition, Plaintiffs had not yet completed their review of Healthy Paws' document production, which they claim was only substantially completed over the Fourth of July holiday weekend. *Id.*[1] Plaintiffs do not deny their obligation to ultimately respond to the disputed discovery requests. However, as to Interrogatory Numbers 2 and 3 and Request for Admission

---

[1] According to Plaintiffs' declarant Samuel J. Strauss, Healthy Paws purported to have substantially completed its production on June 20, 2022, but subsequently made three additional document productions. Dkt. No. 92 at 1–2.

ORDER GRANTING IN PART DEFENDANT HEALTHY PAWS' MOTION TO COMPEL - 4

Number 2, they expect to supplement their responses after obtaining "a complete factual record and expert reports and testimony." Dkt. No. 90 at 7.

Below, the Court addresses the parties' dispute over each of Healthy Paws' discovery requests in turn.

### A.   Interrogatory Number 2

Interrogatory Number 2 asks Plaintiffs to identify "each and every monthly premium" that they contend they were charged in excess of the filed rate applicable to their insurance policies, and to identify "any documents" that support their contention that they were charged premiums in excess of the filed rate. Dkt. No. 90 at 9. The Interrogatory also asks for (1) the date or date range the premium was charged; (2) the amount of the premium; (3) the rate filing that was applicable; (4) the amount Plaintiffs contend they should have been charged; (5) the excess amount Plaintiffs contend they were charged; and (6) when Plaintiffs became aware that the premium was in excess of the filed rate. *Id.*

Plaintiffs do not dispute their obligation to answer the Interrogatory fully; instead, they argue that Interrogatory Number 2 is a contention interrogatory that they will not be able to answer fully until the completion of fact discovery and expert discovery, and they affirm that their current responses reflect the state of their knowledge as of the date of their filing. *Id.* at 22, 24. Plaintiffs assert that they have not completed their review of Healthy Paws' Fourth of July weekend production, and that Plaintiffs have also subpoenaed documents from the third-party insurers and are still negotiating production with those entities. *Id.* at 7, 23. Plaintiffs also argue that identifying each and every monthly premium they contend was charged in excess of the applicable filed rate, calculating the amount they were charged in excess of the filed rate, and calculating the amount they should have been charged under the filed rate, requires expert discovery: "reverse engineering

Plaintiffs' premium based on the relevant rate filings is a complex task that requires expert analysis." Dkt. No. 90 at 23–24.

Healthy Paws argues that Plaintiffs' responses fail to support a good faith basis for their allegation that they were charged in excess of filed rates, because they do not identify a single monthly premium that they paid in excess of the applicable filed rate. *Id.* at 21–22. It also argues that Plaintiffs already have all the information they need to make the calculations necessary to respond, either because Healthy Paws has already produced it to them, or because it was publicly available. *Id.* at 22. Healthy Paws adds that the requisite calculations are not "overly complex" or burdensome such as to warrant further delay in Plaintiffs' response. *Id.* at 25. Finally, Healthy Paws points out that there are several factual inaccuracies in Plaintiffs' responses. Specifically, the responses for plaintiffs Benanav, Caughlin, Gage, and Purvey (who all reside in California, *see* Dkt. No. 70 at 4–5) (the "California Plaintiffs") refer to Exhibits H, I, and J to the third amended complaint, which are purportedly Chubb filings for 2012, 2015, 2017, and 2018, but there is no Exhibit I attached to the TAC, nor are any Chubb rate filings for 2015 or 2017 attached to the third amended complaint. *Id.* at 21.

Under Rule 33(a)(2), the Court may order that contention interrogatories "need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Healthy Paws does not appear to dispute that Interrogatory Number 2 is a contention interrogatory. *See U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007) (identifying "classic contention interrogatories" as those in which a party is asked "to give detailed information regarding the factual bases for her contentions"); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 332 (N.D. Cal. 1985) (identifying as a type of contention interrogatory one that "asks an opposing party to state all the *facts* on which it *bases* some specified contention") (emphasis in original). Because Interrogatory Number 2 calls for detailed factual support for allegations that

ORDER GRANTING IN PART DEFENDANT HEALTHY PAWS' MOTION TO COMPEL - 6

"go to the very core of Plaintiffs' case," Dkt. No. 90 at 6, it is appropriate for Plaintiffs to defer their complete response until at least after discovery is "substantially complete." *Kmiec v. Powerwave Techs. Inc.*, No. C12-0222-CJC-JPRX, 2014 WL 11512195, at *1 (C.D. Cal. Dec. 2, 2014).

Given the impending close of fact discovery on September 13, 2022, Plaintiffs must supplement their responses as soon as reasonably practicable, and no later than before fact discovery closes. Specifically, Plaintiffs must respond with any factual information they possess independently of expert investigation, even if they convey that information to their experts for use in the development of expert testimony. *See Roberts v. Heim*, 130 F.R.D. 424, 428 (N.D. Cal. 1989); *Beeman v. Anthem Prescription Mgmt., Inc.*, No. C04-0407-VAP-KKX, 2017 WL 5564535, at *4 (C.D. Cal. Nov. 17, 2017) ("[U]nless only an expert would be qualified to address this information, Plaintiffs must respond fully and completely to the best of their knowledge, based on this information they have to date." (cleaned up)). If Plaintiffs lack the "necessary information to make a full, fair, and specific answer to the interrogatory," they "should so state under oath and should set forth in detail efforts made to obtain the information." *Sevey v. Soliz*, No. C10-3677-LHK-PR, 2011 WL 2633826, at *4 (N.D. Cal. July 5, 2011). Plaintiffs must make a reasonable effort to respond, but they are not required "to conduct extensive research." *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013).

Based on the information provided at oral argument, it appears that Plaintiffs should be able to respond to Interrogatory Number 2 without expert input at least where the base rate for a given Plaintiff does not require resort to non-public information.[2] If certain answers to

---

[2] The parties must meet and confer in good faith to ensure that each side understands the calculations at play with respect to filed rates; provided, however, that Healthy Paws agrees to share such information. By 5:00 p.m. on August 23, the parties must file a joint status report updating the Court on these efforts.

ORDER GRANTING IN PART DEFENDANT HEALTHY PAWS' MOTION TO COMPEL - 7

Interrogatory Number 2 "can only be provided by resort to Plaintiffs' experts, Plaintiffs should so state in their answers" to the Interrogatory. *Roberts*, 130 F.R.D. at 427; *see also Gorrell*, 292 F.R.D. at 633 (finding an interrogatory to be premature expert discovery where "only an expert would be qualified to address this information"). Because Defendants "will have ample opportunity to obtain this factual information when they take their discovery of Plaintiffs' experts," they will suffer no prejudice if only experts possess certain answers to Interrogatory Number 2. *Roberts*, 130 F.R.D. at 428.

Finally, because Plaintiffs do not contest the factual inaccuracies Healthy Paws identified, Plaintiffs must correct those inaccuracies when they supplement their responses. *See* Dkt. No. 90 at 25.

**B.     Interrogatory Number 3**

Interrogatory Number 3 asks Plaintiffs to identify "each and every factor" they contend was inappropriately included in calculating their premiums and to identify "any documents" supporting those contentions. Dkt. No. 90 at 26. For each identified factor, Healthy Paws asks Plaintiffs to identify: the time period during which they contend the factor was included in their premiums, the amount by which they contend it increased their premiums, their reason for asserting that it was inappropriately included, and when they became aware of its inclusion. *Id.*

Healthy Paws argues that Plaintiffs' responses identify "pet age" as an unapproved factor but fail to specify whether that refers to pet age at enrollment, pet age at anniversary, or both. *Id.* at 34. It asserts that Plaintiffs also fail to specify whether they claim any factors other than pet age were inappropriately included, the date ranges during which the factors were inappropriately included, the amount by which the factors increased their premiums, or when they became aware of the inappropriate inclusion of the factors. *Id.* Healthy Paws also complains of the same factual inaccuracies in Plaintiffs' responses as with Interrogatory Number 2. Dkt. No. 90 at 34; Dkt. No.

Case 2:20-cv-00421-LK   Document 110   Filed 08/19/22   Page 9 of 11

91 at 574. Healthy Paws offered not to move to compel responses to Interrogatory Number 3 if Plaintiffs confirmed that the "pet age" factor they referenced in their responses meant pet age at anniversary, and if they agreed that no other factors were inappropriately included. Dkt. No. 90 at 34–37; Dkt. No. 91 at 597. Plaintiffs confirmed in their response that they meant pet age at anniversary, although they had yet to supplement their responses to that effect at the time of the joint submission. Dkt. No. 90 at 35. However, Plaintiffs state that they "cannot promise that they will not identify in discovery other factors that may have been improperly included in their premium calculations[.]" *Id.*

Having agreed to supplement their responses to identify pet age at anniversary as the relevant pet age factor, Plaintiffs shall supplement to that effect within seven days of this Order. *See* LCR 37(a)(2)(C) (a party that no longer objects to the relief requested "shall so state and respond as requested within seven days from the date the party received the draft LCR 37 submission."); Fed. R. Civ. P. 26(e). With respect to the other information requested in Interrogatory Number 3—another contention interrogatory—Plaintiffs may defer a complete response until after substantial discovery is complete. Plaintiffs must provide a complete response as soon as practicable, and no later than before the close of fact discovery on September 13, 2022. The same qualifications identified with respect to Interrogatory Number 3 apply to Plaintiffs' response here: they must respond fully to the best of their knowledge except where answers can only be provided by their expert(s), in which case they must so state. If they lack the information to make a full response, they must so state under oath and set forth in detail the efforts they made to obtain the requested information. In their supplemental responses Plaintiffs must also correct the factual inaccuracies Healthy Paws identified.

ORDER GRANTING IN PART DEFENDANT HEALTHY PAWS' MOTION TO COMPEL - 9

### C.      Interrogatory Number 5

Healthy Paws no longer seeks the Court's intervention as to Interrogatory Number 5, Dkt. No. 90 at 49, so the Court denies this request as moot.

### D.      Interrogatory Number 6

The parties no longer dispute the adequacy of Plaintiffs' response to Interrogatory Number 6, except that Healthy Paws claims that Plaintiffs Gage, Purvey, and Kowalski's supplemental responses fail to identify the date ranges when they considered or enrolled in alternative pet health insurance programs. *Id.* at 56–57. In their submission regarding Interrogatory Number 6, Plaintiffs state that they will update their responses with information on the date or date ranges they enrolled or considered enrolling in that program, to the best of their recollection. *Id.* at 56. Accordingly, Plaintiffs Gage, Purvey, and Kowalski must supplement their responses with the date information requested by Healthy Paws. They must do so within seven days of this Order.

### E.      Request for Admission Number 2

Healthy Paws' Request for Admission Number 2 asks Plaintiffs to admit that prior to their purchase of their insurance policies, Healthy Paws did not expressly state to them that their premiums would never increase due to a pet age at anniversary factor. *Id.* at 57. In their amended responses, Plaintiffs admit that their "policy documents" do not make that statement. *See id.* at 57–59. However, the Request asks about express statements by Healthy Paws, not about Plaintiffs' policy documents. If—as Plaintiffs contend—they "cannot admit this RFA," Dkt. No. 90 at 60, they must specifically deny it or state in detail why they cannot truthfully admit or deny it. Fed. R. Civ. P. 36(a)(4).

Plaintiffs must provide an amended response to Request for Admission Number 2 that complies with Federal Rule of Civil Procedure 36 within seven days of this Order.

## IV. CONCLUSION

The Court GRANTS IN PART Healthy Paws' motion to compel and ORDERS Plaintiffs to provide supplemental or amended responses to Interrogatory Numbers 2, 3, and 6 and Request for Admission Number 2 on the terms set forth above. The Court further ORDERS the parties to file a joint status report by 5:00 p.m. on August 23, 2022, updating the Court on their meet and confer regarding the calculations involved in Interrogatory Numbers 2 and 3.

Dated this 19th day of August, 2022.

*Lauren King*

Lauren King
United States District Judge