UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN BENANAV, et al.,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>HEALTHY PAWS PET INSURANCE LLC,<br><br>　　　　　　　Defendant. | CASE NO. 2:20-cv-00421-LK<br><br>ORDER DENYING AS MOOT MOTION TO MODIFY CASE SCHEDULE |

  This matter comes before the Court on Plaintiffs' Motion to Modify Case Schedule. Dkt. No. 147. Plaintiffs seek to extend the December 15, 2022 deadline to complete third-party discovery to January 13, 2023 "for the limited purpose of allowing Plaintiffs to complete outstanding discovery of the third-party insurers . . . related to Plaintiffs' pending motions to compel the Insurers to sit for a deposition and Plaintiffs' and the Insurers' ongoing meet and confer with respect to the Insurers' privilege log." *Id.* at 1. For the reasons set forth below, the Court denies the motion as moot.

ORDER DENYING AS MOOT MOTION TO MODIFY CASE SCHEDULE - 1

Plaintiffs served subpoenas on the insurers to obtain documents and the depositions of document custodians. Dkt. No. 150-2 at 2–11. Unsatisfied with the responses, Plaintiffs filed motions in the Eastern District of Pennsylvania to compel the insurers to produce documents, witnesses for depositions, and supplemental privilege logs. *See Benanav v. Healthy Paws Pet Ins. LLC*, Nos. 2:22-mc-00048-WB, 2:22-mc-00052-WB, 2:22-mc-00053-WB (E.D. Pa.), Dkt. No. 1 at 6. After the insurers responded and opposed the motions, Plaintiffs filed replies on November 17, 2022 stating that the issues regarding the privilege logs and document productions were resolved. *Id.*, Dkt. No. 12 at 1 n.1 (representing that they "believe this issue to be resolved as well, subject to Plaintiffs' right to contest the sufficiency of the privilege log after meeting and conferring with the Insurers' counsel."). Plaintiffs did not subsequently file anything in the Eastern District of Pennsylvania indicating that the issue was unresolved.

In January 2023, that Court denied all three motions to compel without prejudice "[b]ecause the subpoena's service was invalid for failure to tender witness fees pursuant to Federal Rule of Civil Procedure 45[.]" Dkt. No. 156 at 7 n.1; Dkt. No. 157 at 7 n.1 & 10 n.1. The Court also concluded that the issues regarding the insurers' document productions and privilege logs were resolved based on Plaintiffs' representation to that effect. Dkt. No. 156 at 6 n.1; Dkt. No. 157 at 6 n.1 & 9 n.1.

Because the motions to compel third-party discovery have been denied, Plaintiffs' request to extend the discovery deadline to conduct that discovery is moot. *See* Dkt. No. 154 at 2 ("Plaintiffs only seek to extend [the] deadline to allow the Pennsylvania court to rule on whether Plaintiffs are entitled to depose the Insurers[.]"). Also moot—to the extent that it relates to third-party discovery—is Plaintiffs' request for a status conference "to discuss the status of any outstanding discovery, and any impact either party believes that discovery may have on the

remaining schedule." Dkt. No. 147 at 2.[1] And Plaintiffs state that they "will continue to meet and confer with the Insurers in an attempt to avoid court involvement[.]" *Id.* at 3; *see also id.* at 5 ("Plaintiffs and counsel for the Insurers have been working to resolve disputes over the sufficiency of the [privilege] log and disputes over the privilege of certain documents on the log."); Dkt. No. 154 at 4 (discussing their "ongoing meet and confer"). Plaintiffs are not precluded from continuing those discussions with the insurers, so a discovery extension on that basis is unnecessary.

Accordingly, Court DENIES as moot Plaintiffs' motion to extend the discovery deadline. Dkt. No. 147.

Dated this 10th day of January, 2023.

Lauren King
United States District Judge

---

[1] To the extent the request refers to other, unspecified discovery issues, it is premature because the Court is not aware of any such issues ripe for the Court's consideration.

ORDER DENYING AS MOOT MOTION TO MODIFY CASE SCHEDULE - 3