UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN BENANAV, et al., | CASE NO. 2:20-cv-00421-LK |
| Plaintiffs, | ORDER GRANTING MOTION TO SEAL |
| v. | |
| HEALTHY PAWS PET INSURANCE LLC, | |
| Defendant. | |

This matter comes before the Court on Defendant Healthy Paws Pet Insurance LLC's motion to seal. Dkt. No. 88. Healthy Paws moves the Court to maintain under seal Exhibit E to the Declaration of Samuel J. Strauss in Support of Plaintiffs' Position in the parties' Local Civil Rule 37 Joint Submission Regarding Plaintiffs' Interrogatory and Request for Admission Responses. Dkt. No. 88 at 2; Dkt. No. 89. Plaintiffs have not responded to the motion, and the third-party insurance companies whose information is in the document support it. Dkt. No. 95 at 2. For the reasons set forth below, the Court grants the motion.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

# I.     DISCUSSION

Pursuant to Local Civil Rule 37, the parties filed an Expedited Joint Motion for Discovery in which Healthy Paws sought to compel responses from Plaintiffs to some of Healthy Paws' interrogatories and requests for admissions. Dkt. No. 90. With that submission, Healthy Paws filed Mr. Strauss's declaration and its exhibits. Dkt. No. 92. After hearing oral argument on the matter, the Court granted in part Healthy Paws' motion to compel, Dkt. Nos. 109, 110, and it now turns to the motion to seal Exhibit E.

## A.     Applicable Standards

Courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when a court considers a sealing request, its starts with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (2003). This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Id.*

"[P]ublic access to filed motions and their attachments" depends on the whether the motion to which the sealed documents are appended is "more than tangentially related to the merits of a case." *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). If the motion is more than tangentially related to the merits of the case, the court must apply the "compelling reasons" standard to the motion to seal. *See id.* at 1102. If the motion is only tangentially related to the merits, the party seeking to seal the records need only show "good cause" to seal those records. *See id.* at 1097 (noting that courts have "carved out an exception for sealed materials attached to a discovery motion unrelated to the merits of a case" (cleaned up)).

Additionally, in the Western District of Washington, parties moving to seal documents must comply with the procedures established by Local Civil Rule 5(g). Under that rule, the party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B). And a motion to seal must include a "certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal[.]" LCR 5(g)(3)(A).

**B.    Meet and Confer**

Healthy Paws states that it "met and conferred with counsel for the third-party insurance companies whose information is reflected in the document at issue," Dkt. No. 88 at 2, but makes no mention of conferring with "all other parties," i.e., Plaintiffs. Healthy Paws therefore failed to comply with Local Rule 5(g). Despite that, the Court considers the motion in the interest of efficiency. The Court cautions the parties that future noncompliant motions may be stricken.

**C.    Sealing Exhibit E**

Healthy Paws has moved to seal Exhibit E but "takes no position on whether the standard for sealing this document is satisfied," deferring to the insurance companies whose information is contained in the document. Dkt. No. 88 at 3; *see also* Dkt. No. 98 at 4 (stating that "the document was produced by Healthy Paws in this litigation" but "contains pricing information belonging to the Insurers"). The Insurers include ACE American Insurance Company, Indemnity Insurance Company of North America, and Westchester Fire Insurance Company; they are "underwriters of pet insurance policies marketed to the public under" the Healthy Paws pet insurance program,

1   which Healthy Paws administers "on behalf of the Insurers pursuant to a contractual agency

2   agreement." Dkt. No. 98 at 3–4.

3        The Insurers request that Exhibit E remain under seal. Dkt. No. 95 at 2. They contend that

4   Exhibit E "contains pricing information" and specifically, the "'base rate' each Insurer uses (and

5   historically used) for pet insurance policies[.]" Dkt. No. 98 at 4.[1] The Insurers also state that

6   Exhibit E is maintained confidentially and "not available to the public or the Insurers'

7   competitors." *Id.* "The public disclosure of this document—in particular, disclosure to the Insurers'

8   competitors in the pet insurance industry—would likely result in irreparable harm to the Insurers'

9   business by giving other pet insurers a competitive advantage in pricing and marketing their

10  policies against the Insurers' policies." *Id.* at 4–5.

11       Because Exhibit E was submitted with a discovery motion that is only tangentially related

12  to the merits, a good cause standard applies. *See e.g.*, *Ctr. for Auto Safety*, 809 F.3d at 1097. After

13  reviewing Exhibit E, the Court finds that the Insurers have made a sufficient, particularized

14  showing of good cause to keep Exhibit E under seal because it contains their sensitive business

15  information that could be used unfairly by competitors to harm their business interests. *See Nixon*,

16  435 U.S. at 598 (explaining that sealing may be justified to prevent judicial documents from being

17  used "as sources of business information that might harm a litigant's competitive standing");

18  *Washington v. Franciscan Health Sys.*, No. C17-5690-BHS, 2019 WL 3494382, at *2 (W.D.

19  Wash. Mar. 12, 2019) (granting a motion to maintain redactions of "business information that

20  could be used to harm Defendants' or third parties' competitive standing"). Although "[b]road

21  allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not

22  suffice, *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone*

23

24     [1] "The base rate is a component of the premium (*i.e.*, price) that each Insurer charges to customers who purchase pet Insurance" in the Healthy Paws pet insurance program. Dkt. No. 98 at 4.

*v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)), here, the Insurers have set forth specific reasons to protect the information. And there do not appear to be any less restrictive but effective options to sealing the document. Therefore, Exhibit E may remain under seal.

## II.      CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to seal, Dkt. No. 88, and allows Exhibit E, Dkt. No. 89, to remain under seal.

Dated this 6th day of February, 2023.

Lauren King
United States District Judge