UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN BENANAV, et al.,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br>HEALTHY PAWS PET INSURANCE LLC,<br><br>　　　　　　　　Defendant. | CASE NO. 2:20-cv-00421-LK<br><br>ORDER DENYING MOTION TO SEAL AND STRIKING OTHER MOTIONS TO SEAL |

　　　　This matter comes before the Court on Plaintiffs' Motion to File "Confidential" Document under Seal or in Open Court. Dkt. No. 151. For the reasons set forth below, the Court denies the motion to seal as unsupported. It also strikes the parties' additional motions to seal for failure to meet and confer as required by Local Civil Rule 5(g). Dkt. Nos. 117, 121, 136, 160, 169.

### I.　　DISCUSSION

　　　　The Court first addresses Plaintiffs' motion to seal excerpts of a deposition transcript designated Confidential by Defendant. Dkt. No. 151. It then addresses the parties' additional motions to seal. Dkt. Nos. 117, 121, 136, 160, 169.

A.  **Plaintiffs' Motion to Seal the Rule 30(b)(6) Deposition Excerpts**

Plaintiffs have moved to seal Exhibit 1 to the Declaration of Raina Borrelli; the exhibit comprises excerpts of a Rule 30(b)(6) deposition transcript designated as confidential by Healthy Paws. Dkt. No. 151 at 2; Dkt. No. 153. Plaintiffs filed the transcript with their reply in support of their motion to extend the discovery deadline, Dkt. No. 147, which the Court denied, Dkt. No. 158.

Courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when a court considers a sealing request, its starts with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (2003). This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Id.*

"[P]ublic access to filed motions and their attachments" depends on the whether the motion to which the sealed documents are appended is "more than tangentially related to the merits of a case." *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). If the motion is more than tangentially related to the merits of the case, the court must apply the "compelling reasons" standard to the motion to seal. *See id.* at 1102. If the motion is only tangentially related to the merits, the party seeking to seal the records need only show "good cause" to seal those records. *See id.* at 1097 (noting that courts have "carved out an exception for sealed materials attached to a discovery motion unrelated to the merits of a case" (cleaned up)). Where, as here, a document was submitted with a discovery motion that is only tangentially related to the merits, a good cause standard applies. *See e.g.*, *Ctr. for Auto Safety*, 809 F.3d at 1097.

Under Local Civil Rule 5(g), a party filing a document designated confidential by another party need not justify sealing the document; that responsibility falls to the designating party. LCR

5(g)(3)(B). The party seeking to maintain the document under seal must provide "an explanation of: (i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." *Id.* at (i)–(iii). Healthy Paws has not responded to the motion or justified maintaining Exhibit 1 under seal. Nor has it requested to withdraw the document from the record. LCR 5(g)(6). The Court therefore denies the motion and orders the document unsealed.

Additionally, in the Western District of Washington, a motion to seal must include a "certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal[.]" LCR 5(g)(3)(A). Local Civil Rule 1(c)(6) defines "meet and confer" as "a good faith conference in person or by telephone to attempt to resolve the matter in dispute without the court's involvement." Despite that requirement, the parties here "conferred" only by email. Dkt. No. 152 at 2. Perhaps if they had complied with the Local Rules, they could have resolved this matter without wasting judicial resources on a motion that Healthy Paws did not bother to address. The parties are again cautioned that future noncompliant motions are likely to be stricken, and the Court also may impose sanctions for failure to comply with the Local Rules.

B.  **The Parties' Additional Motions to Seal**

The parties' failure to properly meet and confer is not confined to the preceding discovery motion. They have also filed four other motions to seal without certifying that they met and conferred in person or by telephone as required by the Local Civil Rules. *See* Dkt. Nos. 121, 122 at 1 (stating that the parties met and conferred by email); Dkt. Nos. 136, 137 at 2 (same); Dkt. Nos. 169, 170 at 2 (same); Dkt. No. 117 at 2 (stating that the parties met and conferred but not indicating how they did so); *see also* LCR 5(g)(3)(A) (the "certification must list the date, manner, and

participants of the conference"). Accordingly, the Court strikes those motions to seal for failure to comply with Local Civil Rule 5(g)(3)(A).

The Court also strikes the motion to seal the proposed fifth amended complaint. Dkt. No. 160. Although the parties state that they met and conferred by telephone prior to filing that motion, Dkt. No. 161 at 2, they do not state that they discussed potential redactions or other alternatives to sealing as required by Local Civil Rule 5(g)(3)(A). And it appears that even if a portion of the proposed fifth amended complaint warrants protection, which is not a given, the parties could agree to redactions without the need to file the entire document under seal.

In addition, Plaintiffs have alleged that Defendant has over-designated documents as confidential, including attaching that designation to every internal email it produced and every deposition transcript of its employees and Rule 30(b)(6) designees. Dkt. No. 170 at 1–2. Defendant's insistence that Plaintiffs file its documents under seal, e.g., Dkt. No. 152 at 2, only to fail to justify doing so, shows that at least some over-designation has occurred.

Accordingly, the parties are ordered to review their confidentiality designations and meet and confer—in person or by telephone—to discuss the need to file the documents under seal and alternatives to sealing to minimize the amount of material filed under seal. After those efforts have been exhausted, they must file a single joint motion under Local Civil Rule 37(a)(2) that requests to unseal the documents or maintain them under seal.

## II.   CONCLUSION

The Court DENIES Plaintiffs' motion to seal, Dkt. No. 151, and directs the Clerk to unseal Dkt. No. 153. The Court STRIKES the parties' motions to seal, Dkt. Nos. 117, 121, 136, 160, and 169, and ORDERS them to revisit their Confidentiality designations and alternatives to sealing,

//

//

meet and confer in person or by telephone, and file a consolidated Local Civil Rule 37 joint submission regarding those motions to seal within 30 days of the date of this Order.

Dated this 6th day of February, 2023.

Lauren King
United States District Judge