1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10

| | |
|---|---|
| STEVEN BENANAV, et al.,<br><br>               Plaintiffs,<br>     v.<br><br>HEALTHY PAWS PET INSURANCE LLC,<br><br>               Defendant. | CASE NO. 2:20-cv-00421-LK<br><br>ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO SEAL |

11
12
13
14
15
16
17

     This matter comes before the Court on the parties' Local Civil Rule 37 Joint Submission Regarding Sealing Confidential Documents. Dkt. No. 194. Having reviewed the disputed documents, the Court grants in part and denies in part the joint motion as set forth below.

## I.   BACKGROUND

18
19
20
21
22
23
24

     Plaintiffs filed this action in March 2020 asserting individual and class claims against Defendant Healthy Paws Pet Insurance, LLC for misleading them into believing that their pet insurance premiums would increase only as the costs of veterinary medicine increased. Dkt. No. 1; Dkt. No. 70 at 2–3. In reality, their insurance costs increased substantially as a result of other

undisclosed factors, including the age of their pets. Dkt. No. 70 at 3. Healthy Paws markets and administers pet insurance policies to consumers on behalf of insurance companies, including Markel American Insurance Company, ACE American Insurance Company, Indemnity Insurance Company of North America, and Westchester Fire Insurance Company (collectively, the "Insurers"). *Id.* at 2. The Insurers are subsidiaries of parent company CHUBB Ltd. *Id.* at 2–3.

During the course of the litigation, the parties have filed numerous motions to seal. Because they failed to meet and confer before filing some of them, the Court struck their motions to seal and ordered them "to revisit their Confidentiality designations and alternatives to sealing, meet and confer in person or by telephone, and file a consolidated Local Civil Rule 37 joint submission regarding those motions to seal[.]" Dkt. No. 184 at 4–5 (striking Dkt. Nos. 117, 121, 136, 160, and 169).

The parties and the Insurers subsequently met and conferred by telephone in an attempt to resolve the matter. Dkt. No. 194 at 34. They were able to agree to unseal some documents and to greatly reduce the number of redactions in others. Dkt. Nos. 195, 198 (updated proposed redactions to previously filed documents).[1] Nevertheless, they were unable to resolve all of the issues and this joint motion followed.

## II.   DISCUSSION

Healthy Paws moves to seal the documents at docket entries 123, 124-1, 124-2, 124-3, 124-4, 162, 171, 171-5, 171-6, 171-7, 171-9, 171-12, 171-13, 171-15, 171-25, and 171-26, contending that those documents "reflect commercially sensitive information regarding Healthy Paws' and the insurers' business operations and/or reflect the sensitive personal information of non-party

---

[1] As noted below, the parties previously filed redacted versions of some of the documents, and the versions at docket entries 195 and 198 contain more limited proposed redactions.

policyholders." Dkt. No. 194 at 8. [2] The Insurers seek to seal the declaration at docket entry 171-27 to protect the listed base rates, which are a component of the premium the Insurers charge policyholders for their pet insurance. *Id.* at 26–31.

Plaintiffs counter that the information Healthy Paws and the Insurers seek to seal "goes to the heart of the truth of Plaintiffs' allegations of misrepresentations around why policyholders' premiums were rapidly increasing beyond the cost of veterinary care" and that "the public right of access to the documents here outweighs any vague and generic interests put forth by Healthy Paws and the Insurers." *Id.* at 11. Plaintiffs thus oppose redacting or sealing docket entries 123, 124-1, 124-2, 124-3, 124-4, 162, 171, 171-6, 171-7, 171-26, and 171-27, and take no position on the remainder of the Insurers' and Healthy Paws' requests to redact or seal. *Id.* at 7 n.1, 13. [3] Plaintiffs also seek to seal the exhibits at docket entries 119-10 and 119-11, filed in connection with Plaintiffs' motion to voluntarily dismiss Plaintiff Gage. Dkt. No. 194 at 14; Dkt. No. 120 (sealed version). The Court examines the sealed and redacted documents in turn.

## A.    Legal Standards

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)); *see also Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) ("Throughout our history, the open courtroom has been a fundamental feature of the American judicial system."). Accordingly, when a district court considers a sealing request, it starts with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.

---

[2] Healthy Paws moves to seal docket entry 173-1, but that docket entry is not under seal and corresponds to sealed docket entry 171.

[3] Plaintiffs state that they oppose redacting or sealing docket entries 172, 173-1, 173-10, and 173-11, *id.* at 13, but because those docket entries are not under seal, the Court refers to the sealed versions of those documents.

2003). A party seeking to seal court filings bears the burden of overcoming this presumption by providing "'compelling reasons' sufficiently specific" for doing so. *Kamakana*, 447 F.3d at 1183.

There is an exception to this general presumption of access, however, when the documents are only tangentially related to the merits. In that case, the party seeking to seal the records need only show "good cause." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097–1101, (9th Cir. 2016); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010) (discussing the two standards governing motions to seal documents). Notably, the more onerous "compelling reasons" test is not limited to motions that are "technically 'dispositive'"; rather, it applies when "the motion is more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101; *see also id.* at 1098–99 ("Most litigation in a case is not literally 'dispositive,' but nevertheless involves important issues and information to which our case law demands the public should have access. . . . [P]lenty of technically nondispositive motions . . . are strongly correlative to the merits of a case.").

The Ninth Circuit has "emphasize[d] the difference between the 'compelling reasons' standard and the 'good cause' standard[.]" *Kamakana*, 447 F.3d at 1180. The "good cause" standard requires the party seeking protection to show "specific prejudice or harm" for each document it seeks to protect. *Foltz*, 331 F.3d at 1130. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)). And a "good cause" showing will not, without more, satisfy the more exacting "compelling reasons" test. *Kamakana*, 447 F.3d at 1180. Under this higher "compelling reasons" standard, the Court "may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1096–97 (cleaned up). Those compelling reasons must "outweigh the

1    general history of access and the public policies favoring disclosure[.]" *Kamakana*, 447 F.3d at

2    1178–79. This is achieved when, for example, a court filing might "become a vehicle for improper

3    purposes," *Nixon*, 435 U.S. at 598, or be used "to gratify private spite, promote public scandal,

4    circulate libelous statements, or release trade secrets," *Kamakana*, 447 F.3d at 1179; *see also*

5    *Oliner*, 745 F.3d at 1026 (party's desire to avoid embarrassment or annoyance and prevent an

6    undue burden on his professional endeavors was not a "compelling reason").

7         Additionally, in the Western District of Washington, parties moving to seal documents

8    must comply with the procedures established by Local Civil Rule 5(g). Under that rule, the party

9    who designates a document confidential must provide a "specific statement of the applicable legal

10   standard and the reasons for keeping a document under seal," with an explanation of: "(i) the

11   legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if

12   the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not

13   sufficient." LCR 5(g)(3)(B). Where, as here, the parties have entered into a stipulated protective

14   order, "a party wishing to file a confidential document it obtained from another party in discovery

15   may file a motion to seal," and the "party who designated the document confidential must satisfy"

16   the above showing in its response to the motion. *Id.* This rule provides that "[o]nly in rare

17   circumstances should a party file a motion, opposition, or reply under seal." LCR 5(g)(5). In the

18   event that the court denies a motion to seal, the clerk will unseal the relevant document(s) unless

19   "(1) the court orders otherwise, or (2) the party who is relying on the sealed document requests in

20   the motion to seal or response that, if the motion to seal is denied, the court withdraw the document

21   from the record rather than unseal it." LCR 5(g)(6). If a document is withdrawn for this reason,

22   "the parties shall not refer to it in any pleadings, motions or other filings, and the court will not

23   consider it." *Id.*

24

1

**B.      The Parties Agree that Some Documents May Be Unsealed**

2

After the meet and confer process, the Parties agreed that the following docket entries can

3

be filed publicly and thus unsealed: 124, 138, 139, 171-1, 171-2, 171-3, 171-4, 171-8, 171-10,

4

171-11, 171-14, 171-16, 171-17, 171-18, 171-19, 171-20, 171-21, 171-22, 171-23, 171-24, and

5

171-28. Dkt. No. 194 at 7 n.1. Accordingly, the Court will unseal those docket entries.[4]

6

**C.      Motion to Voluntarily Dismiss Plaintiff Bryan Gage**

7

1.  <u>Exhibits in Support of Healthy Paws' Opposition to Plaintiffs' Motion to Voluntarily Dismiss Plaintiff Bryan Gage (Dkt. No. 120)</u>

8

9

Plaintiffs moved to voluntarily dismiss Plaintiff Bryan Gage and to seal exhibits 10 and 11

10

in docket entry 120 because those documents "contain Plaintiff Bryan Gage's personal cell phone

11

number and current home address, which are 'personal data identifiers' similar to those listed in

12

LCR 5.2." Dkt. No. 194 at 14. Healthy Paws and the Insurers do not oppose that request. *Id.* at 15;

*see also* Dkt. Nos. 119-10, 119-11 (reflecting that exhibits 10 and 11 are filed under seal).

13

14

Although Local Civil Rule 5.2 does not *require* parties to redact cell phone numbers and

15

home addresses, that information is "sensitive information" that may be redacted when, as here,

16

the Court "does not need to consider" it. LCR 5(g)(1)(B). And now that the information is already

17

in the record, there are compelling reasons to seal the documents to protect Mr. Gage's privacy,

18

particularly given the minimal relevance of the information to this litigation. *See, e.g.*, *Hunter v.

19

City of Vancouver*, No. 22-5234-RJB, 2022 WL 3716836, at *6 (W.D. Wash. Aug. 29, 2022)

20

(granting motion to seal a document that "contain[ed] information like phone numbers and

21

addresses that should remain under seal."); *see also Williams v. PillPack, LLC*, No. 19-5282-RJB,

22

2021 WL 4972367, at *2 (W.D. Wash. Oct. 26, 2021) (holding that compelling reasons existed to

23

maintain documents under seal that contained "personally identifying information, including

24

---

[4] The parties do not agree that the exhibits to docket entry 124 can be unsealed. *Id.*; Dkt. Nos. 121-1–121-4 (exhibits).

names, addresses, [and] phone numbers" to protect individuals' privacy interests). Moreover, the

redacted information has no public value aside from the inherent value of allowing complete access

to the Court's records. *See Hill v. Xerox Corp.*, No. C12-0717-JCC, 2014 WL 1356212, at *1

(W.D. Wash. Apr. 7, 2014). Accordingly, this request is granted, the sealed copies of exhibits 10

and 11 at docket entry 120 may remain under seal, and the parties must file redacted copies of

those documents.

       2.   <u>Plaintiffs' Reply Brief in Support of Their Motion to Dismiss Mr. Gage and Exhibits
(Dkt. Nos. 123, 124-1, 124-2, 124-3, 124-4)</u>

Plaintiffs sealed their reply brief and certain exhibits filed with it. Dkt. No. 123 (sealed

version of reply); Dkt. Nos. 124-1–124-4 (sealed exhibits). They contemporaneously filed a

redacted version of their reply brief, Dkt. No. 125, and now with this motion Healthy Paws has

filed versions of the reply brief and exhibits with more limited redactions proposed, Dkt. No. 195

(Attachment A/sealed version of reply brief at Dkt. No. 123 with proposed redactions marked);

Dkt. No. 195-1 (Attachment B/sealed version of the exhibit at Dkt. No. 124-1 with proposed

redactions marked). Healthy Paws requests that the Court maintain the exhibits under seal because

they "reflect information that is competitively sensitive to Healthy Paws and/or the insurers, and

personal information about non-party policyholders, which should be redacted or sealed as detailed

below; and the portions of the Reply which quote these sensitive Exhibits should be redacted as

reflected in Attachment A." Dkt. No. 194 at 15–16.

Healthy Paws argues that because docket entry 124-1 "contains competitively sensitive

financial information related to premium pricing, rate elements, and marketing strategies" in

addition to "communications with and about a non-party individual policyholder and that non-

party policyholder['s] personal financial circumstances, including identifying information, there

is both good cause and compelling reason for the Court to redact the competitively sensitive

information," the names of the policyholder and pets, and the policyholder's personal financial circumstances. *Id.* at 17; *see also* Dkt. No. 195-1 (Attachment B); Dkt. No. 196 at 2. With respect to the information about the policyholder, Plaintiffs agree without elaboration that the "PII" in docket entry 124-1 should be redacted, Dkt. No. 194 at 18, and the Court will permit the redaction of the policyholder's name, which is the only "PII" in the document, because her identity is potentially sensitive and not relevant to the Court's determination of any issue. Plaintiffs do not agree that the names of the two pets in docket entry 124-1 are sensitive or should be redacted. *Id.* Healthy Paws argues that the pet names—in combination with the state listed in the email—"can be used to identify the non-party consumer whose financial concerns are discussed in the document." *Id.* at 19. But it is a stretch to designate pets' names as sensitive information. It is very unlikely that anyone could link them to the consumer, and even if they did, the consumer's general financial concerns summarized in the document are not particularly sensitive. Therefore, the pets' names should not be redacted.

With respect to Healthy Paws' contention that docket entry 124-1 contains competitively sensitive financial information, Plaintiffs correctly argue that Healthy Paws has not carried its burden to show that compelling reasons support sealing this document in its entirety. Dkt. No. 194 at 18–19. The document does not contain competitively sensitive financial information; rather, it includes isolated and policyholder-specific references to price changes. The document does not specifically explain why those prices changed or include any other potentially competitively sensitive information. Therefore, docket entry 124-1 may remain under seal, and Plaintiffs must file a version with no redactions except the policyholder's name.

Healthy Paws contends that docket entries 124-2, 124-3, and 124-4 should be sealed in their entirely—and the information therein redacted from Plaintiffs' reply brief—because the exhibits "reflect competitively sensitive financial information relating to premium pricing and

costs, rate elements, profit margins, and business and marketing strategies[.]" *Id.* at 17; Dkt. No. 196 at 2–3. "Allowing competitors to see and replicate such pricing and marketing strategies harms Healthy Paws' and the insurers' competitive advantage." Dkt. No. 194 at 20; Dkt. No. 196 at 2–3. A compelling reason standard applies because the underlying motion was contested and dispositive, and the financial information Healthy Paws seeks to protect is at the heart of the dispute. *Ctr. for Auto Safety*, 809 F.3d at 1098–99. Plaintiffs argue that the nature of this lawsuit as a putative class action changes the calculus, but they have not shown that a different standard applies. Dkt. No. 194 at 10–11. After reviewing these documents, the Court finds that Healthy Paws has made a sufficient, particularized showing to keep those documents under seal because the sensitive financial information therein could be used unfairly by competitors to harm its business interests. *See Nixon*, 435 U.S. at 598 (explaining that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing"); *Washington v. Franciscan Health Sys.*, No. C17-5690-BHS, 2019 WL 3494382, at *2 (W.D. Wash. Mar. 12, 2019) (granting a motion to maintain redactions of "business information that could be used to harm Defendants' or third parties' competitive standing"); *J.R. Simplot Co. v. Wash. Potato Co.*, No. C16-1851-RSM, 2016 WL 11066581, at *1 (W.D. Wash. Dec. 29, 2016) (finding compelling reasons to seal a document containing, "confidential financial, pricing, and strategic planning information" because "public disclosure of this information would competitively harm Defendants' business and the businesses which they manage"). Although "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice, *Beckman Indus.*, 966 F.2d at 476 (quoting *Cipollone*, 785 F.2d at 1121), here, Healthy Paws has set forth specific reasons to protect the information.

With respect to Healthy Paws' request to redact information in docket entries 123 and 195, Healthy Paws has not carried its burden to justify sealing of the quote of HP_0000067447, for the

1    reasons discussed above with respect to docket entry 124-1. Therefore, redaction of that quote
2    from docket entries 123 and 195 will not be permitted.

3            Even after sealing and redacting the information at issue, the vast majority of information
4    remains publicly filed, including Plaintiffs' operative complaint and their motion for class
5    certification, providing the public and putative class members ample information about the nature
6    of this dispute. Dkt. Nos. 70, 172. And the material in docket entries 123 and 124-1 will largely
7    remain in the public sphere because the redactions are minimal. As for the three exhibits at docket
8    entries 124-2–124-4, there do not appear to be any less restrictive options apart from sealing them.
9    Therefore, docket entries 123, 124-2–124-4, 195, and 195-1 may remain under seal, and within 30
10   days of this order, Healthy Paws must file redacted copies consistent with this Order.

11   **D.      Plaintiffs' Proposed Fifth Amended Complaint (Dkt. No. 162)**

12           Healthy Paws requests that the Court maintain under seal Plaintiffs' proposed fifth
13   amended complaint and allow two redactions in the publicly filed copy. Dkt. No. 194 at 20–21;
14   Dkt. No. 162 (sealed proposed fifth amended complaint); Dkt. No. 163-1 (unsealed and redacted
15   proposed fifth amended complaint with redlines); Dkt. No. 195-2 at 11–12 (Attachment C to the
16   joint motion highlighting Healthy Paws' more limited proposed redactions to the proposed fifth
17   amended complaint). Healthy Paws contends that paragraphs 46 and 48 of Plaintiffs' proposed
18   fifth amended complaint quote emails produced in the litigation that "reflect information
19   competitively sensitive to Healthy Paws and/or the insurers" that should be redacted. Dkt. No. 194
20   at 20.

21           With respect to paragraph 46, Plaintiffs respond that the quote Healthy Paws proposes to
22   redact is the same as the pricing quote in the email at docket entry 124-1, discussed above. *Id.* at

23

24

21. Thus, for the same reasons set forth above, the Court does not permit this quote to be redacted.[5]

With respect to paragraph 48, Plaintiffs note that the quote sought to be redacted is taken from the document at docket entry 171, discussed below. Dkt. No. 194 at 21. The Court will not allow Healthy Paws to redact the quote from paragraph 48 for the same reasons set forth below.

Accordingly, Plaintiffs' proposed fifth amended complaint, Dkt. Nos. 162, 195-2, must be unsealed.

**E.      Plaintiffs' Motion for Class Certification (Dkt. No. 171-26) and Documents Filed in Support of Same (Dkt. No. 171 and exhibits thereto)**

Healthy Paws seeks to seal Plaintiffs' motion for class certification. Dkt. No. 194 at 22; Dkt. No. 171-26 (sealed version of motion); Dkt. No. 172 (redacted and unsealed version); Dkt. No. 195-7 (updated version with proposed redactions marked). It also seeks to seal some of the exhibits filed with that motion, Dkt. No. 194 at 22, and the Insurers seek to seal the declaration of expert Kent Barrett, *id.* at 8–9, 26–30; Dkt. No. 171-27 (declaration).

The Court applies the compelling reasons standard to documents filed in connection with Plaintiffs' motion for class certification because that motion is "more than tangentially related to the merits" of the underlying case. *Ctr. for Auto Safety*, 809 F.3d at 1098–99. The "rigorous analysis" district courts engage in to determine whether the requirements of Federal Rule of Civil Procedure 23(a) have been satisfied at the class certification stage will "[f]requently . . . entail

---

[5] As Healthy Paws notes, the Ninth Circuit has not specified whether a party seeking to seal an amended pleading must meet the "good cause" or "compelling reasons" standard. *Id.* at 20–21; *In re Zillow Grp., Inc. S'holder Derivative Litig.*, No. C17-1568-JCC; 2019 WL 3428664, at *1 (W.D. Wash. July 30, 2019) (stating that "[c]ourts in the Ninth Circuit have employed the 'compelling reason' standard to motions to seal an unredacted copy of a complaint"); *Nazar v. Harbor Freight Tools USA Inc.*, No. 2:18-cv-00348-SMJ, 2020 WL 4730986, at *1 n.1 (E.D. Wash. June 8, 2020) (applying good cause standard to motion to seal proposed amended complaint). After the parties filed their joint motion, the Court denied Plaintiffs' motion to file their proposed fifth amended complaint, and because that document is not the operative pleading, the public's interest in it is greatly reduced. Dkt. No. 213. Nevertheless, as indicated in the recent hearing, there are lingering and substantial disputes regarding the theory of the case introduced in Plaintiffs' proposed fifth amended complaint, making that proposed pleading of continuing importance in the case. Accordingly, the Court has applied the compelling reasons standard to the underlying exhibits from which the quotes were taken and does so here too.

some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011); *see also Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) ("[T]he merits of the class members' substantive claims are often highly relevant when determining whether to certify a class. . . . [A] district court must consider the merits if they overlap with the Rule 23(a) requirements." (emphasis omitted)). Moreover, following *Center for Auto Safety*, "district courts that have addressed the issue have regularly found that the compelling reasons standard applies to motions to seal exhibits attached to motions for class certification." *Wetzel v. CertainTeed Corp.*, No. C16-1160-JLR, 2019 WL 1236859, at *3 (W.D. Wash. Mar. 18, 2019) (citing *Moussouris v. Microsoft Corp.*, No. C15-1483-JLR, 2018 WL 1159251, at *4 (W.D. Wash. Feb. 16, 2018), *report and recommendation adopted*, No. C15-1483-JLR, 2018 WL 1157997 (W.D. Wash. Mar. 1, 2018) (collecting cases)). Plaintiffs' motion for class certification raises issues that implicate the merits of their claims, including the insurance rates Healthy Paws charged consumers, whether those rates were filed with and approved by state regulators, whether Healthy Paws knowingly deceived consumers, and whether the named Plaintiffs were deceived. Dkt. No. 172 at 2–15. The Court thus applies the compelling reasons standard.

    1.   Borrelli Declaration Exhibits 1, 9, 10, 11, 13, 16, 17, 19, and 39

       Healthy Paws seeks to seal exhibits 1, 9, 10, 11, 13, 16, 17, 19, and 39 to the Declaration of Raina Borrelli, Dkt. No. 170, because those documents "reflect business information which is competitively sensitive to Healthy Paws' and the insurers' business operations, and/or reflect personal information sensitive to non-party policyholders," Dkt. No. 194 at 22. Specifically, Healthy Paws seeks to maintain exhibit 1 under seal and file the redacted copy in Attachment D because the exhibit "contains competitively sensitive business information related to premium pricing and marketing strategies, and reflects a non-party policyholder's name and account number, [and] there is both good cause and compelling reason for the Court to redact the document

as indicated in Attachment D." *Id.* at 23; *see also* Dkt. No. 171 (sealed exhibit); Dkt. No. 195-3 (Attachment D). Plaintiffs do not oppose redacting the policyholder's name or policy number from exhibit 1. Dkt. No. 194 at 24. They oppose redacting the other material—consisting of less than one sentence of text—and argue that "Healthy Paws seeks to redact ten words that show[] the truth of a fact Plaintiffs publicly allege in their proposed Fifth Amended Complaint (for which Healthy Paws does not seek to redact) and show[] the centrality of this fact to Plaintiffs' theory of the case." *Id.*

After reviewing the content at issue, the Court finds that Healthy Paws has failed to make a compelling, particularized showing regarding how the high-level financial information mentioned in that sentence is sensitive or could be used unfairly by competitors to harm its business interests. Accordingly, while docket entry 171 may remain under seal, the parties must file a redacted version that redacts only the policyholder's name and policy number.

Exhibit 17 is the same document as docket entry 124-1 discussed above, and for the same reasons, this second copy may remain under seal and only the policyholder's name may be redacted in the publicly filed version. Dkt. No. 171-13; Dkt. No. 194 at 23 (Healthy Paws' argument regarding exhibit); Dkt. No. 195-1 (Attachment B showing proposed redactions).

Healthy Paws contends that exhibits 10, 11, and 13 should remain under seal because they "reflect competitively sensitive financial information relating to premium pricing and costs, rate elements, profit margins, and business and marketing strategies, [and] there is both good cause and compelling reason for the Court to maintain those exhibits under seal in their entirety." Dkt. No. 194 at 23. Plaintiffs do not oppose sealing exhibit 13, and the Court finds compelling reasons to allow it to remain under seal. Plaintiffs oppose sealing exhibits 10 and 11, but the parties agree that those documents are the same as those filed at different docket numbers that the Court has allowed to remain under seal as set forth above. Dkt. No. 194 at 25–26; *compare* Dkt. No. 124-3,

*with* Dkt. No. 171-6; *compare* Dkt. No. 124-4, *with* Dkt. No. 171-7. Accordingly, docket entries 171-6 and 171-7 can remain under seal for the same reasons as the duplicate docket entries at 124-3 and 124-4.

Healthy Paws seeks to seal exhibit 39 and file the redacted copy in Attachment G because the exhibit "reflects sensitive financial information regarding revenue generated from premiums[.]" Dkt. No. 194 at 23; Dkt. No. 195-6 (Attachment G). Plaintiffs do not oppose sealing exhibit 39. Dkt. No. 194 at 24. A review of the document shows that Healthy Paws seeks to redact only the specific amount of revenue generated, and the Court finds compelling reasons to seal that sensitive business information. Docket entry 171-25 can remain under seal.

Healthy Paws requests to seal exhibits 9 and 19 and file the redacted versions at Attachments E and F, respectively, because those exhibits "reflect the personal information of non-party policy holders[.]" Dkt. No. 194 at 23–24; Dkt. Nos. 195-4, 195-5 (Attachments E and F). Plaintiffs do not oppose sealing exhibit 9 and 19, and the Court finds compelling reasons to allow docket entries 171-5 and 171-15 to remain under seal to protect the personal information therein.

Healthy Paws requests to seal exhibit 16 because it "reflects competitively sensitive business information regarding audits performed on Healthy Paws' business operations and regulatory compliance efforts[.]" Dkt. No. 194 at 24; *see also* Dkt. No 196 at 4–5. Plaintiffs do not oppose sealing exhibit 16, and the Court finds compelling reasons to allow docket entry 171-12 to remain under seal. *See Edwards Lifesciences Corp. v. Meril Life Scis. PVT. Ltd.*, No. 19-CV-06593-HSG, 2020 WL 6118533, at *11 (N.D. Cal. Oct. 16, 2020) (finding compelling reason to seal document concerning the defendant's "regulatory strategies").

2.   Motion for Class Certification (Dkt. No. 171-26)

Healthy Paws seeks to maintain Plaintiffs' motion for class certification under seal and file a redacted version excising quotes from the above exhibits. Dkt. No. 194 at 22; Dkt. No. 171-26

(sealed version); Dkt. No. 172 (redacted version); Dkt. No. 195-7 (sealed version with more limited proposed redactions highlighted).

Plaintiffs oppose the request and argue that the motion "goes to heart of [their] allegations." *Id.* at 25. Although the previously filed redacted version of the motion contained extensive redactions, Dkt. No. 172, the updated version filed with this motion contains only one proposed redaction to excise just the few words quoted in the exhibits discussed above, Dkt. No. 195-7 at 12. Having found that those exhibits, docket entries 124-1 and 171, may not remain under seal, the Court finds that the motion quoting the same information may not remain under seal for the same reasons. Accordingly, Plaintiffs' motion for class certification, Dkt. Nos. 171-26, 195-7, must be unsealed.

3.  <u>Declaration of Kent Barrett (Dkt. Nos. 171-27, 198)</u>

The Insurers move to seal the Declaration of Kent Barrett, which Plaintiffs filed with their motion for class certification. Dkt. No. 171-27 (sealed copy); Dkt. No. 175 (unsealed and redacted copy); Dkt. No. 194 at 8–9, 26–30.[6] As Plaintiffs note, the Insurers are seeking to redact from the declaration only the amount of the base rate. Dkt. No. 194 at 26, 30; Dkt. No. 198 (sealed copy with proposed redactions highlighted). The Insurers argue that their request should be granted "because the Barrett Declaration contains confidential, competitively sensitive pricing information belong[ing] to the Insurers. Public disclosure of the unredacted document will harm the Insurers' competitive standing by allowing their competitors to develop a strategy to market competing products against the Insurers." Dkt. No. 194 at 9; *see also id.* at 26–30. They aver that if their

---

[6] The Insurers have appeared as interested parties in this matter, Dkt. No. 97, and Plaintiffs do not contest their standing to request sealing and partial redaction of the Barrett declaration. The Court therefore considers their submissions in the joint motion. *See, e.g.*, *Delashaw v. Seattle Times Co.*, No. C18-537-JLR, 2020 WL 6818720, at *1, 3 (W.D. Wash. May 28, 2020) (considering interested party's response in support of motion to seal). An interested party is "[a] party who has a recognizable stake (and therefore standing) in a matter." Black's Law Dictionary (11th ed. 2019). The result would not change even if the Court did not consider the Insurers' arguments because Healthy Paws joins those arguments. Dkt. No. 194 at 30.

competitors were to obtain the information, "they could use the document for the purpose of developing a strategy to market competing products against the Insurers, including by undercutting the Insurers on pricing in these markets." *Id.* at 26; Dkt. No. 197 at 3–4. The Insurers note that "the Court previously granted a motion—which Plaintiffs did not oppose—to seal a spreadsheet containing base rate information that is excerpted in or cited in the Barrett Declaration," albeit under a good cause standard. Dkt. No. 194 at 9; Dkt. No. 183 (prior order granting motion to seal).

Plaintiffs oppose the request, arguing that "because the calculations of Plaintiffs' and class members' premiums are central to this case, Plaintiffs and class members are entitled to know to what extent their rates were going up and why." Dkt. No. 194 at 30. But the base rate—which, again, is the only information sought to be redacted here—is only a component of the total premium charged to consumers, Dkt. No. 197 at 2, and it does not reflect the total rate change or the reasons for the change. Plaintiffs further argue that the Insurers have not explained why the information is sensitive, but as set forth above, the Insurers have done so. The base rates reflect sensitive pricing information that warrants sealing, even if the information is not a trade secret as Plaintiffs note. Dkt. No. 194 at 28, 30; *see Ctr. for Auto Safety*, 809 F.3d at 1097 (compelling reasons exist to seal a document that "might be used . . . 'as sources of business information that might harm a litigant's competitive standing'" (quoting *Nixon*, 435 U.S. at 598)); *Universal Life Church Monastery Storehouse v. Am. Marriage Ministries*, No. C19-0301-RAJ, 2022 WL 971561, at *2 (W.D. Wash. Mar. 31, 2022) (finding that compelling reasons existed to seal "documents contain[ing] confidential information regarding [plaintiff's] business practices" because "disclosure could enable a competitor to gain an unfair advantage in the marketplace."); *Cent. Freight Lines, Inc. v. Amazon Fulfillment Servs.*, No. C17-0814-JLR, 2019 WL 3082302, at *3 (W.D. Wash. July 15, 2019) (granting motion to seal unredacted expert report that contained "sensitive financial and pricing information").

1    Allowing the redaction of the base rate data does not deprive the public of knowledge about

2   the nature of the case or of Plaintiffs' allegations. Plaintiffs do not reference the data in their class

3   certification motion, indicating that the data itself is not necessary to the public's understanding of

4   that motion. *See generally* Dkt. No. 171-26. The redactions sought are minimal, and the motion

5   and other filings adequately inform the public of the basis for Plaintiffs' claims and their class

6   certification motion. Accordingly, the Insurers have shown compelling reasons to seal the

7   unredacted version of the Barrett declaration, and they must publicly file the redacted version, Dkt.

8   No. 198.[7]

9   **F.    Sealed Documents Not Addressed in the Joint Motion**

10    The joint motion does not appear to address some documents that are sealed in the record.

11   Specifically, the motion addresses only exhibits 10 and 11 in sealed docket entry 120 without

12   addressing exhibits 2, 12, 13, and 14 under seal within the same docket entry. Docket entry 120

13   can remain under seal because Healthy Paws filed all of the exhibits collectively under that docket

14   entry. *See Hunter v. City of Vancouver*, No. 22-5234-RJB, 2022 WL 3716836, at *6 (W.D. Wash.

15   Aug. 29, 2022) ("Due to the way they were filed (as one document) the entire group of pleadings

16   must be either entirely sealed or entirely unsealed."). However, Healthy Paws must file exhibits 2,

17   12, 13, and 14 publicly or show cause why they should be sealed.

18    The motion also fails to address whether docket entry 146 should remain under seal. Nor

19   does the motion address whether the Corrected Declaration of Plaintiffs' damages expert, Michael

20   Naaman, should be maintained under seal, Dkt. No. 185, although they have agreed to unseal

21   docket entry 171-28, the prior version of that declaration, Dkt. No. 194 at 7 n.1. Rather than assume

22

23   _____

24   [7] Docket entry 198 contains copies of other documents filed under seal with proposed redactions marked. Because the
    Court allows the underlying documents to remain under seal, it allows the highlighted copy at docket entry 198 to
    remain under seal too.

ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO SEAL - 17

that the declaration can be unsealed, the Court will allow the parties and the Insurers to show cause why it should remain under seal.

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART the joint motion to seal. Dkt. No. 194. The following docket entries may remain under seal: Dkt. Nos. 120, 123, 124-1, 124-2, 124-3, 124-4, 171, 171-5, 171-6, 171-7, 171-9, 171-12, 171-13, 171-15, 171-25, 171-27, 195, 195-1, 195-3, 195-4, 195-5, 195-6, and 198. The parties and Insurers must publicly file redacted copies of the documents at docket entries 120,[8] 124-1, 195, 195-1, 195-3, 195-4, 195-5, 195-6, and 198 within 30 days of the date of this Order. The parties and Insurers must replace the documents at docket entries 125, 173-1, 173-9, 173-17, 173-19, 173-39, and 175 with corrected redacted versions in accordance with this Order within 30 days.

The Clerk of the Court is directed to unseal the following docket entries: 124, 138, 139, 162, 171-1, 171-2, 171-3, 171-4, 171-8, 171-10, 171-11, 171-14, 171-16, 171-17, 171-18, 171-19, 171-20, 171-21, 171-22, 171-23, 171-24, 171-26, 171-28, 195-2, and 195-7.

The Insurers or a party must show cause within 14 days of the date of this Order why docket entries 146, 185 and exhibits 2, 12, 13, and 14 within docket entry 120 should remain under seal. Docket entries 146 and 185 will be unsealed if cause is not shown to allow them to remain under seal.

Dated this 14th day of December, 2023.

Lauren King
United States District Judge

---

[8] To the extent the parties seek to redact or seal exhibits 2, 12, 13, and 14, they need only file redacted versions of exhibits 10 and 11 at this time.

ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO SEAL - 18