1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN BENANAV, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HEALTHY PAWS PET INSURANCE LLC, <br><br> Defendant. | CASE NO. 2:20-cv-00421-LK <br><br> ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SANCTIONS AND GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL |

This matter comes before the Court on Defendant Healthy Paws Pet Insurance, LLC's Motion for Discovery Sanctions, Dkt. No. 200, and its motions to seal documents related to that motion, Dkt. Nos. 199, 224. Healthy Paws contends that Plaintiffs impermissibly delayed in providing complete and accurate discovery responses, violating this Court's prior order and prejudicing its defense. Dkt. No. 200 at 4, 13. The Court granted Healthy Paws' request for oral argument, *id.* at 1, and held a hearing on December 11, 2023, Dkt. No. 228. For the reasons set forth below, the Court grants in part and denies in part both the motion for sanctions and the motions to seal.

## I.   BACKGROUND

Plaintiff Steven Benanav filed this action in March 2020. Dkt. No. 1. Benanav, along with later-added Plaintiffs Bryan Gage, Monica Kowalski, Lindsay Purvey, Stephanie Caughlin, and Katherine Thomas assert individual and putative class action claims against Healthy Paws for misleading them into believing that their pet insurance premiums would increase only as the costs of veterinary medicine increased. Dkt. No. 70 at 2–3. In reality, they allege, their insurance costs increased substantially as a result of other undisclosed factors, including the age of their pets. *Id.* at 3.

Healthy Paws markets and administers pet insurance policies to consumers on behalf of insurance companies, including Markel American Insurance Company, ACE American Insurance Company, Indemnity Insurance Company of North America, and Westchester Fire Insurance Company (collectively, the "Insurers"). *Id.* at 2. The Insurers are subsidiaries of parent company CHUBB Ltd. *Id.*.

### A.   Plaintiffs' Allegations Have Evolved

Plaintiffs have filed numerous iterations of their complaint over the course of this litigation. Benanav filed the first version of the complaint in March 2020 as a breach of contract action against Healthy Paws. Dkt. No. 1 at 12–13. Healthy Paws moved to dismiss that complaint, arguing among other things that it could not be liable for breaching an insurance contract to which it was not a party. Dkt. No. 20 at 9–12. Benanav mooted the motion by filing an amended complaint in June 2020 adding other named Plaintiffs, deleting the breach of contract claim, and adding claims for violations of state consumer protection statutes. *See* Dkt. No. 25 at 18–24. Healthy Paws again moved to dismiss. Dkt. No. 28. The Court granted the motion, holding that Plaintiffs failed to adequately plead fraud under Federal Rule of Civil Procedure 9(b) and that their claims were barred by the "filed rate doctrine" under Washington, California, and New Jersey law. Dkt. No. 42

1   at 9–22. The filed rate doctrine bars lawsuits challenging the reasonableness of insurance rates

2   filed with, and approved by, a governing regulatory agency. *See id.* at 14.

3        Plaintiffs then filed a second amended complaint in November 2020, Dkt. No. 45, and

4   Healthy Paws filed another motion to dismiss, Dkt. No. 49. In its order granting the motion in part,

5   the Court found that Plaintiffs once again failed to adequately plead fraud under Rule 9(b). Dkt.

6   No. 63 at 20–22. But the Court rejected Healthy Paws' argument that the other amended claims

7   were barred by the filed rate doctrine, finding that "the gravamen of the [second amended

8   complaint] is clear: the rates Plaintiffs paid allegedly exceeded those filed with and approved by

9   their respective state insurance agencies because of the misrepresented pet age factor." *Id.* at 12.

10   Plaintiffs then amended their complaint a third time. Dkt. No. 70.

11        Plaintiffs subsequently filed two motions to amend their complaint: (1) a motion for leave

12   to file a fourth amended complaint adding a new named Plaintiff; and (2) a motion for leave to file

13   a fifth amended complaint adding the Insurers as Defendants and asserting a breach of contract

14   claim against them. Dkt. Nos. 130, 163. The Court denied both motions, Dkt. No. 213, and

15   Plaintiffs' third amended complaint, Dkt. No. 70—filed on October 25, 2021—is the operative

16   pleading. Plaintiffs continue to assert that Healthy Paws falsely claimed that premiums would only

17   increase to reflect the rising costs of veterinary medicine, when in reality those premiums increased

18   substantially as a result of other factors such as pet age. *Id.* at 2–3. They further contend that those

19   premiums exceeded the filed rates in several states, including Washington. *Id.* at 13–16.

20   **B.**   **Discovery Disputes Arose and Plaintiff Gage Moved to Withdraw**

21        In August 2022, the Court issued two orders regarding discovery, the first of which is

22   relevant here.[1] That order granted Healthy Paws' motion to compel and required Plaintiffs to

23

24   ―――――――――――――――
[1] The second order granted Healthy Paws' motion to compel regarding ESI, ordered the parties to meet and confer

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SANCTIONS AND GRANTING IN
PART AND DENYING IN PART MOTIONS TO SEAL - 3

supplement their responses to Interrogatory Numbers 2, 3, and 6 and Request for Admission Number 2 within seven days of the August 19, 2022 order. Dkt. No. 110 at 11. The Court found that Interrogatory Number 2 was a contention interrogatory to which Plaintiffs could delay providing a complete response "until at least after discovery is 'substantially complete.'" *Id.* at 6–7 (quoting *Kmiec v. Powerwave Techs., Inc.*, No. C12-0222-CJC-JPRX, 2014 WL 11512195, at *1 (C.D. Cal. Dec. 2, 2014)).[2] The Court further held that "Plaintiffs should be able to respond to Interrogatory Number 2 without expert input at least where the base rate for a given Plaintiff does not require resort to non-public information," and should so state if information can only be provided by relying on their experts. Dkt. No. 110 at 7–8.[3]

As for Interrogatory Number 3, the Court required Plaintiffs to supplement their responses to state that the pet age factor they relied on was pet age at anniversary, and to provide a complete response to the interrogatory—which was also a contention interrogatory—by the close of discovery on September 13, 2022. *Id.* at 9.[4] The order further required Plaintiffs to "respond fully

---

regarding search terms, and ordered Plaintiffs to produce all ESI in accordance with sections 5 and 7 of the ESI protocol. Dkt. No. 111 at 12.

[2] Interrogatory Number 2 asks Plaintiffs to identify "each and every monthly premium" that they contend they were charged in excess of the filed rate applicable to their insurance policies, and to identify "any documents" that support their contention that they were charged premiums in excess of the filed rate. Dkt. No. 90 at 9. The Interrogatory also asks for (1) the date or date range the premium was charged; (2) the amount of the premium; (3) the rate filing that was applicable; (4) the amount Plaintiffs contend they should have been charged; (5) the excess amount Plaintiffs contend they were charged; and (6) when Plaintiffs became aware that the premium was in excess of the filed rate. *Id.*

[3] The base rate is a component of the premium ultimately charged to the consumer. Dkt. No. 175 at 3 ("The rating plans filed used fixed-dollar base rates (one rate for dogs and another for cats) multiplied by a variety of factors based on pet age, breed, zip code, as well as the deductible and coinsurance options selected to tailor the rate to the circumstances of each individual policy." (footnote omitted)); *see also, e.g.*, Dkt. No. 70-7 at 2–14 (rate filing with the State of New Jersey Department of Banking & Insurance that includes base rates and a "Pet Rating Formula" with "8 variable factors that are applied to the monthly base rate. Each pet's monthly premium incorporates the factors for: age, breed, zip code, co-insurance, deductible, weight control, affinity group sponsorship, employer group benefit, plus a fixed administrative expense fee.").

[4] Interrogatory Number 3 asks Plaintiffs to identify "each and every factor" they contend was inappropriately included in calculating their premiums and to identify "any documents" supporting those contentions. Dkt. No. 90 at 26. For each identified factor, Healthy Paws asks Plaintiffs to identify (1) the time period during which they contend the factor was included in their premiums, (2) the amount by which they contend it increased their premiums, (3) their reason for asserting that it was inappropriately included, and (4) when they became aware of its inclusion. *Id.*

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SANCTIONS AND GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL - 4

to the best of their knowledge except where answers c[ould] only be provided by their expert(s), in which case they [were required to] so state," and if they "lack[ed] the information to make a full response," they were likewise required to "so state under oath and set forth in detail the efforts they made to obtain the requested information." Dkt. No. 110 at 9. The Court further directed Plaintiffs to correct the factual inaccuracies Healthy Paws identified with the responses to both Interrogatory Numbers 2 and 3. *Id.*

In September 2022, Mr. Gage filed a motion for voluntarily dismissal, arguing that he had provided complete discovery responses and stating that he wanted to be dismissed from the case. Dkt. No. 116 at 3. Healthy Paws responded that Mr. Gage's discovery responses were still deficient, and until he complied with the Court's order and provided complete responses, he should not be permitted to exit the case. Dkt. No. 118 at 5. While the motion was pending, Mr. Gage amended his response to Interrogatory Number 2 and conceded that there is "no evidence that [Indemnity Insurance Company] did not comply with the rates it filed with the State of California." Dkt. No. 200 at 8 (internal quotation marks, emphasis, and citation omitted); Dkt. No. 202-12 at 16 (redacted).[5]

In considering Mr. Gage's motion for voluntary dismissal, the Court found that he had supplemented his response to Interrogatory Number 2 and no further response thereto was required, but he had not provided a complete response to Interrogatory Number 3. Dkt. No. 213 at 21. The Court thus ordered him to provide a supplemental response to Interrogatory Number 3 and "identify the factors he claims Healthy Paws used to increase his premiums and the amount each factor allegedly caused premiums to rise above the filed rate." *Id.* at 22–23. And the Court reiterated that Plaintiffs were required to "respond fully to the best of their knowledge except

---

[5] An unredacted and sealed copy of Plaintiffs' most recent discovery responses is at Docket Number 203.

where answers c[ould] only be provided by their expert(s), in which case they [needed to] so state." *Id.* at 23 (quoting its prior Order, Dkt. No. 110 at 9). The Court deferred ruling on Mr. Gage's motion to dismiss until after he complied with his discovery obligations, and ordered that "[o]nce Mr. Gage ha[d] satisfied the conditions in th[e] Order and the Court's prior Order, Dkt. No. 110, the parties should file a stipulated motion for his dismissal." *Id.* at 25. Approximately six weeks later, the parties filed a stipulated motion to dismiss Mr. Gage's individual claims against Healthy Paws in their entirety, and the Court granted the motion. Dkt. No. 217 at 1–2; Dkt. No. 218.

While the motion to dismiss Mr. Gage was pending, Healthy Paws filed this motion for discovery sanctions against Plaintiffs. Dkt. No. 200. Healthy Paws argued that although Plaintiffs supplemented their discovery responses multiple times, their responses were still deficient. *Id.* at 8. The parties met and conferred but were unable to resolve the issue. Dkt. No. 202 at 2–3.

On December 1, 2023, the parties filed a joint notice informing the Court that "Plaintiffs Benanav, Kowalski, Purvey, Caughlin, and Thomas served amended [discovery] responses on October 11, 2023." Dkt. No. 226 at 1–2. During the hearing, Healthy Paws confirmed that those amended discovery responses are sufficient. Now that it has sufficient responses, Healthy Paws continues to seek sanctions but has narrowed the requested scope of those sanctions. *Id.* at 2.

## II.   DISCUSSION

The Court first addresses Healthy Paws' request for sanctions, then its motions to seal.

### A.   The Motion for Sanctions Is Granted in Part and Denied in Part

Healthy Paws seeks both evidentiary and monetary sanctions. Dkt. No. 200 at 12–15. It seeks an order precluding Plaintiffs from presenting evidence on the following issues: (1) the filed rates they contend should have been charged for the months when Plaintiffs' premiums allegedly exceeded filed rates; (2) the specific factors (other than the base rate) that they contend the Insurers inappropriately included in their premiums, and (3) the extent to which they claim those factors

increased their premiums. *Id.* at 12–14; Dkt. No. 226 at 2. It also seeks an order requiring Plaintiffs to pay its costs and fees incurred as a result of their refusal to provide the requested information. Dkt. No. 200 at 14–15; Dkt. No. 226 at 2.

1.  Legal Standard

Healthy Paws seeks sanctions under Federal Rule of Civil Procedure 37(b)(2)(A), which provides that when "a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." The available sanctions include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order[.]

Fed. R. Civ. P. 37(b)(2)(A); *see also Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) ("Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent." (cleaned up)); *O'Connell v. Fernandez-Pol*, 542 F. App'x 546, 547–48 (9th Cir. 2013) ("By the very nature of its language, sanctions imposed under Rule 37 must be left to the sound discretion of the trial judge."). The rule further provides that "[i]nstead of or in addition" to those remedies, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).[6] Failure to disclose is "substantially justified" if it

---

[6] Healthy Paws has not moved for sanctions under Rule 37(c), so the Court does not consider that rule.

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SANCTIONS AND GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL - 7

1    is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S.

2    552, 565 (1988).

3         During the hearing, the parties agreed that the evidentiary sanction Healthy Paws seeks

4    would result in the exclusion of much of the expert testimony on which Plaintiffs rely to support

5    their alleged damages, and would effectively eliminate all of Plaintiffs' claims except for those of

6    the Illinois subclass. Accordingly, the Court applies a five-part test analyzing "1) the public's

7    interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk

8    of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits;

9    [and] 5) the availability of less drastic sanctions." *Wendt v. Host Int'l*, 125 F.3d 806, 814 (9th Cir.

10   1997) (applying the test to the exclusion of expert testimony); *see also Scotto v. Gorilla Ladder

11   Co.*, 809 F. App'x 430, 431 (9th Cir. 2020) (applying the test to a motion in limine to preclude the

12   testimony of defendant's late-disclosed expert); *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th

13   Cir. 2006) (applying the test to analyze whether dismissal was an appropriate sanction). In

14   addition, if a proposed Rule 37(b)(2)(A) sanction would deal a fatal blow to a party's claim, a court

15   must consider (1) whether the claimed noncompliance involved willfulness, fault, or bad faith and

16   (2) the availability of lesser sanctions. *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 740–41 (9th

17   Cir. 2021). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to

18   demonstrate willfulness, bad faith, or fault." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir.

19   1994).

20        Healthy Paws also seeks sanctions under the Court's inherent power. Dkt. No. 200 at 8–9.

21   A federal court's inherent authority "includes 'the ability to fashion an appropriate sanction for

22   conduct which abuses the judicial process.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S.

23   101, 107 (2017) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)). "A court may

24   levy a sanction on the basis of its own inherent power when a party has acted in bad faith,

vexatiously, wantonly or, for oppressive reasons." *E. & J. Gallo Winery v. Gibson, Dunn & Crutcher LLP*, 432 F. App'x 657, 659 (9th Cir. 2011) (internal quotations and citation omitted).

Healthy Paws argues that it is entitled to sanctions for the following reasons:

> Plaintiffs added unfounded allegations to avoid having their complaint dismissed, in violation of Rule 11; withheld complete interrogatory responses that would have revealed their allegations were baseless; provided plainly inaccurate, incomplete, and incoherent responses reflecting a new theory after the close of fact discovery, but refused to correct inaccuracies in them; and, as to Gage, waited eighteen months to serve a response that concedes they never had a basis for pursuing his claims (and which contradicts allegations in their proposed FAC). Plaintiffs' misconduct has deprived Healthy Paws of information critical to its defense, and caused Healthy Paws to incur substantial fees and costs.

Dkt. No. 200 at 12. Those allegations fall into three categories: (1) Plaintiff's amended complaint included unsupported or unsupportable allegations in violation of Rule 11; (2) Mr. Gage belatedly conceded that he had no basis for pursuing a clam; and (3) Plaintiffs' discovery responses were insufficient and late. The Court examines each contention in turn.

    2.  <u>Plaintiffs Have Adequately Supplemented Their Discovery Responses</u>

Healthy Paws argues that when Plaintiffs filed their second amended complaint, they added "unfounded allegations . . . in violation of Rule 11," "alleging that their premiums exceeded the filed rates due to the allegedly unapproved pet age factor[.]" *Id.* at 5, 12 (emphasis omitted). Healthy Paws' disagreement with the merits of Plaintiffs' contentions is not a basis for sanctions. And Healthy Paws has not met the procedural requirements to seek sanctions under Rule 11, including complying with the rule's safe harbor, which requires that any motion for sanctions must be served on the offending party at least 21 days before the motion is filed with the court. Fed. R. Civ. P. 11(c)(2); *Islamic Shura Council of S. Cal. v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014) (per curiam) ("A motion for sanctions may not be filed . . . unless there is strict compliance with Rule 11's safe harbor provision."). Healthy Paws did not serve its motion on Plaintiffs in advance, so its request for sanctions under Rule 11 must be denied. And sanctions under the Court's inherent

authority require a showing of recklessness or bad faith, *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998), which Healthy Paws has neither alleged nor demonstrated.[7]

Healthy Paws also contends that Plaintiffs "waited eighteen months to serve" Mr. Gage's April 2023 discovery response in which he conceded that there is "no evidence that [Indemnity Insurance Company] did not comply with the rates it filed with the State of California." Dkt. No. 200 at 8, 12 (emphasis omitted); Dkt. No. 203 at 212 (Mr. Gage's discovery response). But now that Mr. Gage has been dismissed,[8] Rule 37 sanctions are not available against him. *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1224 (9th Cir. 2018) (other than contempt, "[n]one of the other sanctions available under Rule 37 are available against the nonparty."); *Beverly v. Interior Elec. Inc. Nev.*, No. 21-55645, 2023 WL 142544, at *2 (9th Cir. Jan. 10, 2023) ("Rule 37(b)(2)(C), by its terms, only applies to parties."), *amended and superseded*, 2023 WL 355692 (9th Cir. Jan. 23, 2023).[9] And even if the Court could sanction now non-party Gage based on its inherent authority, Healthy Paws has not demonstrated or alleged that he engaged in bad faith conduct or that sanctions are needed to curb abusive litigation practices. *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001) (noting that "bad faith is required for sanctions under the court's inherent power."); *Corder v. Howard Johnson & Co.*, 53 F.3d 225, 232 (9th Cir. 1995) (holding that courts may impose sanctions against a nonparty "to curb abusive litigation practices").

Healthy Paws also averred that Plaintiffs' fifth supplemental discovery responses—though supplemented and amended—continued to suffer from the following deficiencies:

---

[7] In addition, sanctions under the Court's inherent authority are unwarranted where more specific court rules, including Rule 37, "are up to the task." 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2282 n. 15 (3d ed. Apr. 2023) (citing *Chambers*, 501 U.S. at 32).

[8] Again, Healthy Paws stipulated to Mr. Gage's dismissal, Dkt. No. 217, and did not ask for his dismissal to be conditioned on the outcome of any sanctions order, *see* Dkt. No. 118.

[9] Although Healthy Paws attributes Mr. Gage's discovery responses to Plaintiffs generally, Dkt. No. 200 at 12, only Mr. Gage signed his responses, Dkt. No. 203 at 145, 227, 333, and Healthy Paws has not provided a basis to hold other Plaintiffs responsible for them.

> Plaintiffs (and their expert reports) still fail to identify the filed premiums they contend they should have been charged, how much they paid in excess of the filed rates, the specific factors they claim were inappropriately included in calculating their premiums, or the impact these factors had on their premiums. Further, Plaintiffs' serial "supplemental" responses to Interrogatory 3 remain irreconcilable when read "together" as Plaintiffs propose, as do Plaintiffs' "Amended" and "Supplemental Amended" responses to Interrogatory 2. Each Plaintiff purports to identify inflated base rates they "should" have been or were "actually charged," but their lists are demonstrably incorrect, including because Plaintiff Benanav and Thomas' responses still refer to the rate filings and base rates of the wrong states.

Dkt. No. 200 at 8 (emphasis omitted). The parties' joint filing shows—and Healthy Paws' counsel conceded during the hearing—that those deficiencies have been substantially corrected in Plaintiffs' sixth supplemental discovery responses. The responses from Plaintiffs Caughlin, Benanav, Purvey, and Thomas reference the applicable rate filing and include the dates Plaintiffs were charged, the premium amounts charged, the amounts they contend they should have been charged, the excess amount charged, when they became aware of the overcharge, and the factors they contend were inappropriately included in calculating their insurance premiums. Dkt. No. 226-1 at 6–14 (amended Benanav responses); Dkt. No. 226-2 at 6–14 (amended Purvey responses); Dkt. No. 226-3 at 6–14 (amended Caughlin responses); Dkt. No. 226-4 at 6–14 (amended Thomas responses). And Plaintiff Kowalski's amended responses identify the allegedly improper factors that caused her premiums to rise. Dkt. No. 226-5 at 8–12.[10]

Healthy Paws also argues that Plaintiffs' incorporation of their prior versions and supplementations of their discovery responses by reference to be read "together" with their current discovery responses makes little sense when prior versions contained inaccuracies and conflicting theories. Dkt. No. 110 at 9 (Court's prior order instructing Plaintiffs to correct inaccuracies in their discovery responses); Dkt. No. 200 at 10–11 (Healthy Paws' motion for sanctions noting

---

[10] Healthy Paws withdrew Interrogatory Number 2 as to Ms. Kowalski because the filed rate defense is inapplicable in her home state of Illinois. Dkt. No. 200 at 4 n.1.

1   inconsistencies and inaccuracies); Dkt. No. 202-15 at 4 (Plaintiffs' counsel suggesting "reading

2   each supplemental answer together, along with the two expert declarations submitted by Messers.

3   Naaman and Barrett"); Dkt. No. 213 at 23 (requiring Mr. Gage "to provide complete, unified

4   answers to Interrogatory Numbers 2 and 3 rather than referencing his prior responses that contain

5   inconsistencies and the previously identified inaccuracies.").[11] But Plaintiffs' October 2023

6   supplemental discovery responses withdrew their prior responses and did not attempt to

7   incorporate prior responses; therefore, that issue has been resolved. Dkt. No. 226-1 at 6; Dkt. No.

8   226-2 at 6; Dkt. No. 226-3 at 6; Dkt. No. 226-4 at 6; Dkt. No. 226-5 at 8–9.

9         3.   <u>Monetary Sanctions Are Warranted</u>

10         Healthy Paws argues that sanctions are warranted because Plaintiffs' conduct "has deprived

11   Healthy Paws of information critical to its defense, and caused Healthy Paws to incur substantial

12   fees and costs." Dkt. No. 200 at 12. Although Plaintiffs have now provided adequate discovery

13   responses, an issue remains regarding whether Plaintiffs' delay in doing so warrants sanctions.

14         The Court's prior order, issued in August 2022, required Plaintiffs to supplement their

15   responses "as soon as reasonably practicable, and no later than before fact discovery closes." Dkt.

16   No. 110 at 7 (Interrogatory Number 2); *id.* at 9 (Interrogatory Number 3). Plaintiffs' pre-October

17   2023 amended responses were deficient because they did not include the premiums they contend

18   they should have been charged under the applicable filed rate, the excess amount they contend

19   they were charged above the filed rate, and every factor they contend was inappropriately included

20   in calculating their insurance premium. Dkt. No. 203 at 273–302 (Caughlin's responses); Dkt. No.

---

[11] Healthy Paws also contends that Benanav's and Thomas's responses refer to the wrong states, Dkt. No. 200 at 9–10; Dkt. No. 211 at 7, which Plaintiffs dispute, Dkt. No. 205 at 10–11. This is not the same inaccuracy Healthy Paws alleged before and that the Court ordered Plaintiffs to correct. Dkt. No. 110 at 6 (finding that Plaintiffs' responses referred to Exhibit I, "but there is no Exhibit I attached to the [third amended complaint], nor are any Chubb rate filings for 2015 or 2017 attached to the third amended complaint."). The Court agrees with Plaintiffs that this new issue can be explored in Plaintiffs' and their experts' depositions and does not reflect a violation of the Court's order. Dkt. No. 205 at 11.

203 at 231–269 (Benanav's responses); Dkt. No. 203 at 337–368 (Purvey's responses); Dkt. No. 203 at 372–407 (Thomas's responses). And Plaintiff Kowalski's responses did not identify the allegedly improper factors that caused her premiums to rise. Dkt. No. 203 at 192–93 (Kowalski responses).

Plaintiffs first raise a procedural defense to the motion: they contend that Healthy Paws' motion is untimely because fact discovery closed on October 27, 2022, and it did not file this motion until May 19, 2023. Dkt. No. 205 at 5 & n.2; *see* Dkt. No. 159 at 9 ("Discovery disputes must be raised in a timely manner so as to allow discovery to be completed within the discovery deadline. The failure to do so may waive a party's ability to challenge the discovery behavior."). However, the Court set a May 19, 2023 deadline to file motions related to discovery, *see* January 6, 2023 Minute Order, so this motion was timely.[12]

Plaintiffs also contend that even if their discovery responses were deficient, sanctions are unwarranted because their conduct (1) was not willful, (2) was substantially justified, and (3) did not prejudice Healthy Paws. Dkt. No. 205 at 12. Plaintiffs argue that their failure to fully respond was substantially justified because they are mere consumers relying on the expertise of their experts. Dkt. No. 205 at 13. Their counsel argued during the hearing that the data underlying their discovery responses are numerous and complicated, necessitating Plaintiffs' reliance on expert analysis. In its order, the Court recognized that some information would be within the province of their experts and required Plaintiffs to so state in their interrogatory responses. Dkt. No. 110 at 7–9. But Plaintiffs' experts provided their reports by February 3, 3023, Dkt. No. 87 at 2, yet Plaintiffs did not provide adequate discovery responses until October 11, 2023, Dkt. No. 226 at 1–2.

---

[12] Plaintiffs also contend that Healthy Paws violated Local Civil Rule 37(a)(1) by failing to inform Plaintiffs in advance that they planned to file a motion for sanctions, Dkt. No. 205 at 5 n.3, but that rule does not require such notification. *State Farm Fire & Cas. v. Helen of Troy, LLC*, No. C15-11771-RSM, 2017 U.S. Dist. LEXIS 83525, at *5 (W.D. Wash. May 31, 2017) (noting that there is no meet and confer requirement for a Federal Rule 37(b) motion).

Plaintiffs' reliance on their experts does not justify that months-long delay. Furthermore, despite the Court's August 2022 order compelling them to answer Healthy Paws' interrogatories, Plaintiffs inexplicably insisted in April 2023 that they were "not obligated to respond to the Interrogatory as written in light of the[ir] objections" to it. Dkt. No. 202-8 at 2. That statement was not only untrue, but also defied the Court's order. Plaintiffs' counsel contended during the hearing that Plaintiffs were unclear about what the interrogatories requested, but as the parties subject to the Court's order to compel, it was incumbent on them to seek clarification if they needed it.

Plaintiffs also argue that the information sought is not relevant based on their damages theory. Dkt. No. 205 at 9–10; *id.* at 12 ("What each individual Plaintiff was charged has no bearing on whether Healthy Paws violated the filed rates" because their expert has opined that "every base rate, and thus every premium, charged [was] in excess of the filed rate."); Dkt. No. 212 at 1–2. However, as the Court stated in its prior Order, "[i]nformation about which factors Plaintiffs believe Healthy Paws incorrectly applied to increase their rates—and by what amount—is relevant both to Healthy Paws' filed rate defense and to Plaintiffs' continued assertion that Healthy Paws 'increased premiums based on a host of factors unrelated to' increased veterinary medicine costs." Dkt. No. 213 at 22 (quoting Dkt. No. 205 at 4). Plaintiffs cannot unilaterally determine what information is relevant and decline to provide the information actually requested and ordered. *Sung v. Mission Valley Renewable Energy, LLC*, No. CV-11-5163-RMP, 2013 WL 4523561, at *4 (E.D. Wash. Aug. 27, 2013) (plaintiff was not the unilateral "arbiter of what constitutes 'relevant' information under the discovery rules."). Regardless of whether Plaintiffs deemed the requested information relevant, the Court ordered them to provide it. Dkt. No. 110. Therefore, Plaintiffs' long delay in providing sufficient discovery responses was not substantially justified.

The Court also considers the *Wendt* factors. Because the deficiencies have not delayed adjudication of the class certification issue or other resolution of the case, they have not impacted

1    the public's interest in expeditious resolution of the litigation or the Court's need to manage its

2    docket as contemplated by the first and second factors.

3    Turning to the third factor, Healthy Paws contends that "Plaintiffs' refusal to identify what

4    the filed rates should have been impedes Healthy Paws' ability to prove its filed rate defense and

5    challenge Plaintiffs' classwide damages methodology." Dkt. No. 211 at 9. But Plaintiffs have now

6    supplied that information, and they did so before Healthy Paws' deposition of Plaintiffs' experts

7    and before its deadline to submit its own expert reports and its opposition to Plaintiffs' motion for

8    class certification. Dkt. No. 223 at 1 (setting a December 12, 2023 deadline). No trial date has been

9    scheduled, and Healthy Paws does not contend that the delay has impeded its ability to defend

10   itself at trial. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (explaining that to show

11   prejudice, a defendant must generally show that the plaintiff's actions "impaired [its] ability to

12   proceed to trial or threatened to interfere with the rightful decision of the case"); *Olson v. Uehara*,

13   No. C13–0782-RSM, 2014 WL 5605048, at *3 (W.D. Wash. Nov. 4, 2014) (finding that sanctions

14   were warranted for an untimely disclosure); *Butts v. Kennedy*, No. 2:20-cv-00576-MAT, 2021 WL

15   4728715, at *1 (W.D. Wash. Oct. 8, 2021) (imposing sanctions when "Plaintiff's noncompliance

16   with the Court's discovery orders . . . prejudiced Defendants by impairing the defendants' ability

17   to go to trial and by threatening to interfere with the rightful decision of the case." (cleaned up)).

18   Healthy Paws contends that it has been prejudiced because after the close of discovery,

19   Plaintiffs belatedly shifted their theory of the case from arguing that Healthy Paws improperly

20   increased rates based on an unapproved pet age factor to arguing that the base rates were improper,

21   depriving Healthy Paws of an opportunity to conduct discovery "on what now appears to be the

22   crux of Plaintiffs' new case theory." Dkt. No. 200 at 13. However, the issue of whether Plaintiffs'

23   theory of the case has evolved is distinct from whether they have fully responded to the

24   interrogatories and complied with the Court's order. Although Healthy Paws contends that it has

1   been deprived of discovery regarding Plaintiffs' newly minted case theory, it has not sought to

2   reopen discovery on that basis. And the Court denied Plaintiffs' motion to file a fifth amended

3   complaint to name the Insurers as Defendants and to add allegations that the insurers

4   impermissibly increased their base insurance rates in all states since 2013. Dkt. No. 213 at 11, 13.

5   Therefore, Plaintiffs' proposed but disallowed expansion of their claims in that motion did not

6   prejudice Healthy Paws. Healthy Paws does not contend that it was unable to obtain the

7   information it needed through its depositions of Plaintiffs' experts or the Plaintiffs themselves.

8       The fourth factor, the public policy favoring disposition of cases on their merits, weighs in

9   favor of monetary sanctions rather than sanctions that would deprive Plaintiffs of putting on certain

10  evidence and effectively terminating the claims for all except the Illinois subclass. Likewise,

11  monetary sanctions are a less drastic sanction than limiting evidence. Accordingly, the Court

12  denies Healthy Paws' request to exclude evidence because the "harsh" remedy of exclusion of

13  evidence is not justified here. *Olson*, 2014 WL 5605048, at *2; *see also Amersham Pharmacia*

14  *Biotech, Inc. v. Perkin-Elmer Corp.*, 190 F.R.D. 644, 648 (N.D. Cal. 2000) ("Exclusion sanctions

15  based on alleged discovery violations are generally improper absent undue prejudice to the

16  opposing side."); *but see Zenith Elecs. Corp. v. WH–TV Broad. Corp.*, 395 F.3d 416, 420 (7th Cir.

17  2005) (holding that the district court did not abuse its discretion by excluding evidence of actual

18  damages for plaintiff's failure to respond to a contention interrogatory seeking a description of

19  plaintiff's damages theory and the proof to be offered).

20      The Court also considers Healthy Paws' request for the payment of expenses under Federal

21  Rule of Civil Procedure 37(b)(2)(C), which provides that "[i]nstead of or in addition to the orders

22  above, the court must order the disobedient party, the attorney advising that party, or both to pay

23  the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was

24  substantially justified or other circumstances make an award of expenses unjust." As set forth

above, Plaintiffs' failure to timely respond fully to Interrogatory Numbers 2 and 3 was not substantially justified. Nor have Plaintiffs identified any factor that would make an award of such expenses unjust. Therefore, an award of monetary sanctions is warranted and the Court orders Plaintiffs and their counsel to pay Healthy Paws' reasonable expenses, including attorney's fees, caused by Plaintiffs' failure to comply with the Court's prior discovery order. *See, e.g.*, *Curtis v. Illumination Arts, Inc.*, 957 F. Supp. 2d 1252, 1263 (W.D. Wash. 2013) (ordering defendants and their counsel to pay plaintiffs' reasonable expenses, including attorney fees, caused by defendants' failure to comply with the court's prior discovery order); *Tucker v. BMW of N. Am., LLC*, No. C20-5050-BHS, 2022 WL 800902, at *1 (W.D. Wash. Feb. 7, 2022) (imposing sanctions against a party that "unilaterally narrowed the scope of discovery and the Court's order.").[13]

Healthy Paws does not identify its excess costs, and instead requests "leave to submit information in support of an award of costs and fees[.]" Dkt. No. 200 at 15. That leave is granted. However, Healthy Paws may seek only those excess costs "caused by the failure" to comply with the Court's Order granting its motion to compel, Dkt. No. 110, and not costs or fees in seeking that Order. *See, e.g.*, *Goodyear Tire & Rubber Co.*, 581 U.S. at 108 (explaining that monetary sanctions "when imposed pursuant to civil procedures, must be compensatory rather than punitive in nature," and may include only those attorney fees "incurred because of the misconduct at issue"); *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1386 (9th Cir. 1988) (holding that the district court abused its discretion in awarding expenses that "were not incurred as a result of plaintiff's and plaintiff's counsel's disobedience of Court orders[.]" (cleaned up)); Wright & Miller, Federal Practice and Procedure § 2289 ("The expenses that may be recovered . . . are those 'caused by the

---

[13] Plaintiffs argue that courts may grant monetary sanctions only for "willful violations and 'where the court anticipates continued deceptive conduct.'" Dkt. No. 205 at 6 (quoting *AmTrust Bank v. Lewis*, 687 F. App'x 667, 671 (9th Cir. 2017)). However, the portion of the *AmTrust Bank* decision Plaintiffs cite addressed evidentiary sanctions, not monetary ones, as well as "continued deceptive conduct[.]" *AmTrust Bank*, 687 F. App'x at 671.

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SANCTIONS AND GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL - 17

1   failure' to obey an order and therefore do not include the expense of obtaining the order itself.").

2       Within 30 days of the date of this Order, Healthy Paws shall submit a statement, along with

3   appropriate documentation, laying out its reasonable expenses and attorney fees. Within 14 days

4   thereafter, Plaintiffs may file a response regarding the reasonableness of Healthy Paws' expenses

5   and fees. After considering these submissions, the Court will issue an order addressing the specific

6   amount of sanctions awarded to Healthy Paws.

7   **B.     The Motions to Seal Are Granted**

8       Healthy Paws moves to seal the various iterations of Plaintiffs' discovery responses, filed

9   as (1) Exhibits 2-7 and 9-14 to the Declaration of Robert Longtin in Support of Defendant's Motion

10  for Discovery Sanctions, Dkt. No. 199 at 2 (motion to seal); Dkt. No. 203 (sealed exhibits), and

11  (2) Exhibits A-D to the parties' Joint Notice Regarding Healthy Paws' Motion for Sanctions, Dkt.

12  No. 224 (motion to seal); Dkt. No. 225 (sealed exhibits). Healthy Paws seeks to redact two

13  categories of information in the responses: (1) the Insurers' base rates, and (2) quotations from

14  various emails it has produced in discovery. Dkt. No. 199 at 3–4; Dkt. No. 224 at 2. In the sealed

15  version of Plaintiffs' discovery responses, Healthy Paws has highlighted the sensitive material it

16  has redacted:

- Benavav's discovery responses: Dkt. No. 203 at 19, 246; Dkt. No. 225 at 7–9 (base rates); Dkt. No. 203 at 10, 24, 237, 251 (quotes);

- Caughlin's discovery responses: Dkt. No. 203 at 58, 285; Dkt. No. 225-2 at 7–9 (base rates); Dkt. No. 203 at 52, 63 279, 290 (quotes);

- Thomas's discovery responses: Dkt. No. 203 at 93; Dkt. No. 225-3 at 7–8 (base rates); Dkt. No. 203 at 84–85, 97 (quotes);

- Gage's discovery responses: Dkt. No. 203 at 129, 211, 317 (base rates); Dkt. No. 203 at 124, 133–134, 206, 215–16, 312, 321–22 (quotes);

- Purvey's discovery responses: Dkt. No. 203 at 162, 350; Dkt. No. 225-1 at 7–9 (base rates); Dkt. No. 203 at 155, 167, 343, 355 (quotes); and

- Kowalski's discovery responses: Dkt. No. 203 at 191 (quotes).

1    As those documents show, the identical base rate information and quotations appear in each

2    Plaintiff's responses. Healthy Paws has also filed public versions of those documents with the

3    sensitive information redacted. Dkt. Nos. 202, 226.

4         Plaintiffs opposed the first motion to seal, Dkt. Nos. 199, 204, but did not respond to the

5    second motion to seal, Dkt. No. 224. They note that "[a]ll information that Healthy Paws seeks to

6    redact was included in Plaintiffs' motion for class certification (Dkts. 172 & 175) and the internal

7    quotes were also cited in Plaintiffs' reply in support of motion to voluntarily dismiss Plaintiff

8    Bryan Gage (Dkt. 165)." Dkt. No. 204 at 2. The parties met and conferred but were unable to

9    agree. Dkt. No. 199 at 2.

10        Healthy Paws indicates that the Insurers have requested to keep confidential their base

11   rates, which appear in a single column in Plaintiffs' February 10, 2023 responses to Interrogatory

12   Number 2. *See, e.g.*, Dkt. No. 203 at 162; Dkt. No. 202-13 at 17 (publicly filed version with base

13   rates redacted). The Insurers filed a response to the second motion to seal and urged the Court to

14   allow the base rates to remain under seal. Dkt. Nos. 234, 235.[14] The parties disagree regarding

15   whether the good cause or compelling reasons standard applies. Dkt. No. 204 at 2 (Plaintiffs urging

16   the application of the compelling reasons standard); Dkt. No. 210 at 2 (Healthy Paws urging the

17   application of a good cause standard). That argument is academic at this point because after

18   briefing was complete on this motion, the Court ruled on the parties' LCR 37 Joint Submission

19   Regarding Sealing Confidential Documents, Dkt. No. 194, and found that the higher compelling

20   reasons standard justified Healthy Paws' request to seal the base rates. Dkt. No. 237 at 15–17

21   (allowing Dkt. No. 171-27, the Declaration of Kent Barrett, to remain under seal to protect the

22   Insurers' base rates); Dkt. No. 198 at 6–9, 11–13, 18–19 (sealed version of the declaration with

23

24   _____

[14] The Insurers also filed a sealed version of the discovery responses with the base rates highlighted for redaction. Dkt. No. 236.

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SANCTIONS AND GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL - 19

base rates highlighted to show redactions). The base rates in Plaintiffs' discovery responses may be maintained under seal for the same reasons set forth in the Court's prior order.

Healthy Paws also seeks to seal quotes to material in "confidential documents [that] reflect commercially sensitive business operations [and] marketing and financial information," and request that the information in these footnotes be redacted. Dkt. No. 199 at 3 ("[T]he quotes refer to sensitive analyses of costs, revenues, and profit margins, and resulting pricing adjustment."); *see also, e.g.*, Dkt. No. 203 at 155, 167 (sealed discovery responses with proposed redactions highlighted); Dkt. No. 202-13 at 10, 22 (publicly filed version with quotes redacted). The same set of quotes appears in multiple footnotes in each Plaintiff's responses. *Compare* Dkt. No. 203 at 155 n.3, *with id.* at 167 n.7. As with the base rates, the Court has found that compelling reasons justify sealing and redacting certain of the quotes and has granted Healthy Paws' request to seal that information where it previously appeared. Dkt. No. 237 at 10 (order granting in part and denying in part the parties' joint motion to seal and allowing sealing of Dkt. No. 195, Plaintiffs' Reply in Support of Motion to Voluntarily Dismiss Plaintiff Gage); *see also* Dkt. No. 195 at 3–4 (quotes highlighted for redaction). For the same reasons set forth in the Court's prior Order, the same quotes in Plaintiffs' discovery responses, with the exception of the quote of HP_0000067447, Dkt. No. 203 at 10, 24, 63, 84–85, 97, 124, 133, 155, 167, 191, 206, 215, 237, 251, 279, 290, 312, 321, 343, 355, 377–78, 390, may be maintained under seal. Finally, it appears that Healthy Paws highlighted portions of docket entry 203 at 161 and 318 for emphasis rather than marking material for redaction, as no sufficient rationale for sealing has been provided and the publicly filed versions include the same text highlighted and unredacted. Dkt. No. 202-6 at 16; Dkt. No. 202-12 at 16.

## III.   CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Healthy Paws' motions to seal, Dkt. No. 199, 224, and GRANTS IN PART AND DENIES IN PART its

motion for sanctions, Dkt. No. 200. Healthy Paws must file corrected redacted versions of the exhibits at docket entry 203 in accordance with this Order within 30 days.

Dated this 14th day of December, 2023.

Lauren King
United States District Judge