UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN BENANAV, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HEALTHY PAWS PET INSURANCE LLC, <br><br> Defendant. | CASE NO. 2:20-cv-00421-LK <br><br> ORDER REGARDING MOTION FOR SANCTIONS |

This matter comes before the Court on Defendant Healthy Paws Pet Insurance, LLC's Motion for Discovery Sanctions, Dkt. No. 200. In its Order Granting in Part and Denying in Part Motion for Sanctions, Dkt. No. 238, the Court awarded monetary sanctions to Healthy Paws and invited it to file a statement of its fees and costs. *Id.* at 17–18. Healthy Paws filed its statement, Dkt. Nos. 259–260, and Plaintiffs responded, Dkt. Nos. 266–267. Having considered the submissions and the remaining record, the Court awards Healthy Paws a portion of the fees it requests.

I. BACKGROUND

Healthy Paws moved for both evidentiary and monetary sanctions against Plaintiffs for the following reasons: (1) Plaintiffs' amended complaint included unsupported or unsupportable allegations in violation of Rule 11; (2) Plaintiff Bryan Gage belatedly conceded that he had no basis for pursuing a claim; and (3) Plaintiffs' discovery responses were insufficient and late. Dkt. No. 200 at 12; *see also* Dkt. No. 238 at 9. The Court granted the motion in part and denied it in part. Dkt. No. 238 at 6–18. Though the Court found that evidentiary sanctions were unwarranted, *id.* at 9–12, it held that monetary sanctions were appropriate under Federal Rules of Civil Procedure 37(b)(2)(A) and (C) because "Plaintiffs' failure to timely respond fully to Interrogatory Numbers 2 and 3 was not substantially justified" and violated the Court's prior order granting Healthy Paws' motion to compel and requiring Plaintiffs to respond to those interrogatories, *id.* at 14, 16–17; *see also* Dkt. No. 110. The Court thus ordered Plaintiffs and their counsel "to pay Healthy Paws' reasonable expenses, including attorney's fees, caused by Plaintiffs' failure to comply with the Court's prior discovery order." Dkt. No. 238 at 17.[1]

The Court also granted Healthy Paws' request for "leave to submit information in support of an award of costs and fees[.]" Dkt. No. 238 at 17 (quoting Dkt. No. 200 at 15). The Court ordered Healthy Paws to "submit a statement, along with appropriate documentation, laying out its reasonable expenses and attorney fees" within 30 days of the Court's order. *Id.* at 18. Plaintiffs were permitted to file a response within 14 days thereafter. *Id.*

Healthy Paws timely filed its Request for Reimbursement of Attorneys' Fees and Costs Incurred for Successful Sanctions Motion. Dkt. Nos. 259–260. Plaintiffs timely responded. Dkt. Nos. 266–267.

---

[1] Plaintiffs filed a motion for reconsideration, which the Court denied. Dkt. Nos. 245, 253.

ORDER REGARDING MOTION FOR SANCTIONS - 2

## II. DISCUSSION

Healthy Paws seeks to collect $228,965.45 in attorney's fees it claims it incurred "due to Plaintiffs' failure to timely provide discovery responses, including the fees and costs incurred in bringing Healthy Paws' motion for sanctions." Dkt. No. 259 at 2; *see also* Dkt. No. 260-1 at 2.[2] Healthy Paws avers that the requested fees

> include attorney time devoted to: (1) reviewing and analyzing multiple sets of deficient interrogatory responses from Plaintiffs; (2) drafting and exchanging written correspondence with Plaintiffs' counsel regarding their deficient interrogatory responses; (3) preparing for and participating in multiple telephonic meet-and-confers with Plaintiffs' counsel regarding their deficient interrogatory responses; and (4) briefing on the motion for sanctions when Plaintiffs' counsel refused to correct their deficiencies (which motion ultimately resulted in Plaintiffs amending their discovery responses in September and October 2023), and preparing for and participating in the hearing on that motion.

Dkt. No. 259 at 2; *see also* Dkt. No. 260 at 2. Healthy Paws "is not seeking compensation for any attorney time devoted to: (1) tasks prior to the motion to compel; (2) the motion to compel, which resulted in the Court's order at Dkt. 110; (3) motions to seal in connection with briefing the motion for sanctions; or (4) preparing this fee submission." Dkt. No. 259 at 2; *see also* Dkt. No. 260 at 2.

Plaintiffs respond that the requested fees "are so grossly disproportionate to any possible remedial purpose of the sanction here that they must be substantially reduced, if not denied outright." Dkt. No. 266 at 2. They contend that the 226.3 hours that Healthy Paws' counsel spent on the relevant tasks "is eyebrow-raising," especially because "Plaintiffs' Counsel spent only 88.9 hours on this exact same discovery issue from February 3, 2023, to October 11, 2023." *Id.* (emphasis omitted). Plaintiffs also argue that the requested fees should be denied or reduced "for failing to comply with the Court's order requiring [Healthy Paws] to 'submit a statement, along

---

[2] Healthy Paws does not seek an award of costs or other expenses. *See generally* Dkt. No. 259.

ORDER REGARDING MOTION FOR SANCTIONS - 3

with appropriate documentation, laying out its reasonable expenses and attorney fees.'" *Id.* (quoting Dkt. No. 238 at 18).

A.  **The Court Reduces the Requested Fees**

The Court first considers Plaintiffs' request that the Court deny Healthy Paws' fee request in its entirety for failure to submit appropriate documentation. *Id.* The requesting party must "document[ ] the appropriate hours expended in the litigation and . . . submit evidence in support of those hours worked." *Welch v. Metro Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). A fee applicant may "just barely" meet the "basic requirement[s]" by "simply listing his hours and identifying the general subject matter of his time expenditures[.]" *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (cleaned up); *see also Waters v. Mitchell*, No. C21-0087-JLR, 2023 WL 3304217, at *12 (W.D. Wash. May 8, 2023). However, the hour entries should be "sufficiently detailed to allow a meaningful review of the reasonableness of the requested hours," and if the entries instead "make[] it impossible to evaluate the reasonableness of the time," "[t]he time requested should be reduced[.]" *De Jesus Ortega Melendres v. Arpaio*, No. 13-16285, 2017 WL 10808812, at *7 (9th Cir. Mar. 2, 2017).

Here, Healthy Paws submitted a chart listing the name of the billing attorneys, their titles, their "Average Effective Rate (after accounting for applicable discounts)," the total hours each attorney billed, and the total fees sought for each attorney:

**Attorneys' Fees**

| Name | Title | Average Effective Rate (after accounting for applicable discounts) | Hours | Total Actual Fees |
|---|---|---|---|---|
| Stephen Broome | Partner | $1,222.63 | 38.6 | $47,193.70 |
| Alicia Cobb | Partner | $1,051.22 | 55.7 | $58,553.10 |
| Cristina Henriquez | Associate | $955.30 | 26.6 | $25,410.85 |
| Robert Longtin | Associate | $927.97 | 105.4 | $97,807.80 |
| | | TOTAL | | $228,965.45 |

ORDER REGARDING MOTION FOR SANCTIONS - 4

Dkt. No. 260-1 at 2. This chart and the above-quoted list of tasks performed by the group of four attorneys is far more vague than block billing, which itself is a disfavored practice that "forces the court to take a 'shot in the dark' and guess whether the hours expended were reasonable," and "is precisely the opposite of the methodical calculations the lodestar method requires." *Yeager v. Bowlin*, No. CIV 2:08-102 WBS JFM, 2010 WL 1689225, at *1 (E.D. Cal. Apr. 26, 2010). Healthy Paws makes no attempt to show the number of hours spent on each task—or category of tasks—by each attorney or when the work was performed. Dkt. No. 260 at 2; Dkt. No. 260-1 at 2. This makes it impossible for the Court to evaluate the reasonableness of the time expended. Although Healthy Paws offers "to submit additional briefing or information concerning the fees requested," Dkt. No. 259 at 3, the Court sees no reason to allow it a second bite at the apple, or to require Plaintiffs to respond to a second statement that supplies information Healthy Paws should have provided in its first statement.

Nevertheless, the Court has already held that Healthy Paws is entitled to recover its reasonable attorney's fees, Dkt. No. 238 at 17, and the general tasks for which it seeks fees appear reasonable and necessary, Dkt. No. 260 at 2. The Court will therefore not deny the fee request entirely and will instead reduce the award based on inadequate documentation as set forth below. *Fischer*, 214 F.3d at 1121–22.[3]

**B.      Reasonable Attorney's Fees**

District courts calculate attorney fee awards using the two-step lodestar method. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). "First, the court must calculate the 'lodestar figure' by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Fischer*, 214 F.3d at 1119. "Second, the court must

---

[3] Because the Court reduces the amount of fees requested, it declines Plaintiffs' request to deny Healthy Paws' fee request entirely because it is disproportionate. Dkt. No. 266 at 2.

ORDER REGARDING MOTION FOR SANCTIONS - 5

decide whether to enhance or reduce the lodestar figure based on an evaluation of the *Kerr* factors that are not already subsumed in the initial lodestar calculation." *Id.*; *see Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (enumerating 12 factors to consider), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992). Here, neither party has requested an adjustment based on the *Kerr* factors.

**C.    Reasonable Rate**

As shown above, Healthy Paws seeks the following hourly rates for the four attorneys who worked on this matter:

(1) Stephen Broome (Partner): $1,222.63;

(2) Alicia Cobb (Partner): $1,051.22;

(3) Cristina Henriquez (Associate): $955.30; and

(4) Robert Longtin (Associate): $927.97

Dkt. No. 260-1 at 2.

When determining a reasonable hourly rate, courts generally consider the "experience, skill and reputation of the attorney requesting fees," *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996) (quoting *Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 908 (9th Cir. 1995)), as well as "the prevailing market rates in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The relevant community is generally the forum in which the district court sits. *Camacho*, 523 F.3d at 979. The party seeking an award of attorney's fees bears the burden of producing "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895 n.11; *accord Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014). The Court does not focus on the rate "actually charged" but looks to "fees that private attorneys of an ability and reputation comparable

ORDER REGARDING MOTION FOR SANCTIONS - 6

to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Welch*, 480 F.3d at 946 (citations omitted).

Despite those requirements, Healthy Paws provided no information about the prevailing rates in this community. Nor did it provide any evidence regarding the "experience, skill and reputation of the attorney[s] requesting fees" in this case. *Trevino*, 99 F.3d at 924. Healthy Paws cited a series of cases in which its law firm's fees have been found reasonable, Dkt. No. 259 at 3, but none of those cases involved the attorneys in this case or rates in this district. The Court thus cannot conclude that the rates for Healthy Paws' attorneys are reasonable based on its deficient submissions. However, the Court can "consider the fees awarded by other judges in the same locality in similar cases," *Moreno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008), and rely on its own knowledge and familiarity with the legal market in setting a reasonable rate, *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (per curiam).

Healthy Paws is represented by Quinn Emanuel, and according to that firm's website, the attorneys in this case graduated from law school in the following years: Broome (2006), Cobb (2008), Henriquez (2017), and Longtin (2017). *See* Attorneys, Quinn Emanuel, https://www.quinnemanuel.com/attorneys (last visited July 29, 2024); *see also* Fed. R. Evid. 201. With that information, the Court can roughly calculate the number of years they had been practicing when they performed the work at issue in 2023. Although "years in practice is not the be-all and end-all in determining the reasonableness of an attorney's hourly rate," *Abrams v. Sequium Asset Sols., LLC*, No. 21-CV-05374-LK, 2023 WL 2757195, at *5 (W.D. Wash. Mar. 31, 2023) (cleaned up), absent other indicia of experience level, the Court cannot conclude that the requested rates are reasonable, *see, e.g.*, *Gochev v. First Am. Prop. & Cas. Ins. Co.*, No. C22-159-MLP, 2024 WL 216531, at *12 (W.D. Wash. Jan. 19, 2024) (holding that a $450 hourly rate was reasonable for an attorney with 30 years of experience in an insurance and Washington Consumer

ORDER REGARDING MOTION FOR SANCTIONS - 7

Protection Act ("CPA") case); *Fortman v. Debt Assistance Network, LLC*, No. 20-5019-RJB, 2021 WL 2530712, at *2 (W.D. Wash. June 21, 2021) (finding a $375 hourly rate for a partner to be reasonable in a CPA action); *Satcher v. Stanislaus*, No. C19-1598-RSM, 2020 WL 3035571, at *1 & n.2 (W.D. Wash. June 4, 2020) (setting $400 hourly rate for an of counsel attorney with 20 years of experience and allowing requested $325 hourly rate for an associate in a CPA case); *Amazon.com v. Kurth*, No. 2:18-CV-00353-RAJ, 2019 WL 3426064, at *6 (W.D. Wash. July 30, 2019) (observing that the rates charged by Davis Wright Tremaine—$550 and $330 for attorneys with 30 and six years experience, respectively—were "within the range commensurate with the rates in the Western District of Washington"). When a party requests an excessive rate, "the proper solution is for the district court to *reduce* it to the 'prevailing market rate,' not to deny the request entirely." *Fischer*, 214 F.3d at 1122. Considering the fees awarded by other judges in this district in similar cases, and relying on the Court's knowledge and familiarity with the legal market, the Court finds the following rates reasonable: $650 for Mr. Broome, $575 for Ms. Cobb, and $350 for associates Henriquez and Longtin.

**D.     Hours Reasonably Expended**

Healthy Paws, as the fee applicant, "bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). The Court typically defers "to the winning lawyer's professional judgment as to how much time he was required to spend on the case," *Moreno*, 534 F.3d at 1112, but it does not "uncritically accept counsel's representations concerning the time expended," *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 n.8 (9th Cir. 1987). As indicated above, the Court may reduce the hours claimed by a party "where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; [and] if the hours

expended are deemed excessive or otherwise unnecessary." *Chalmers*, 796 F.2d 1205, 1210 (9th Cir. 1986); *see also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Those problems exist here. After reviewing the scant billing information Healthy Paws provided, the Court finds that spending 226.3 hours on the tasks described, including filing the motion for sanctions, is not reasonable. Dkt. No. 260 at 2; Dkt. No. 260-1 at 2. *See, e.g.*, *Gibson v. Credit Suisse AG*, No. CV 10-1-JLQ, 2015 WL 5244972, at *9 (D. Idaho Sept. 8, 2015) (finding 84 hours reasonable for briefing a motion for sanctions). Although the amount of hours Plaintiffs' counsel expended is not dispositive, the Court notes that Plaintiffs' counsel spent 88.9 hours during the relevant time period on this discovery issue, including participating in the same meet and confer sessions and drafting their brief on the motion for sanctions. Dkt. No. 267 at 2; *see also Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) ("Although opposing counsel's billing records may be relevant to determining whether the prevailing party spent a reasonable number of hours on the case, those records are not dispositive."). While the Court would expect Healthy Paws to have billed more hours than Plaintiffs did because Healthy Paws wrote two briefs rather than just one regarding the motion for sanctions, the Court would not expect Healthy Paws' hours to be two and a half times the number Plaintiffs spent on the issue. Dkt. No. 260 at 2. In addition, Healthy Paws' use of the same general description for *all* of the work performed by *all four* of its attorneys suggests that some of the hours spent were duplicative. *Id.* The Court therefore agrees with Plaintiffs that a significant reduction is required.

"To exclude hours that are excessive, redundant, or unnecessary, a court has two options." *Black Lives Matter Seattle-King Cnty. v. City of Seattle, Seattle Police Dep't*, 516 F. Supp. 3d 1202, 1214 (W.D. Wash. 2021) (citing *Gonzalez*, 729 F.3d at 1203). First, it may conduct an "hour-by-hour analysis of the fee request" and exclude the hours for which it would be unreasonable to compensate the prevailing party. *Gonzalez*, 729 F.3d at 1203. Second, if faced with a "massive fee

ORDER REGARDING MOTION FOR SANCTIONS - 9

application," the court may make "across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure" to exclude non-compensable hours in the application. *Id.* (quoting *Deukmejian*, 987 F.2d at 1399); *see also Gnassi v. Toro*, No. 3:20-CV-06095-JHC, 2023 WL 5277798, at *5 (W.D. Wash. Aug. 16, 2023).

Here, Healthy Paws' failure to provide documentation showing how many hours were spent on specific tasks, by whom, and when makes an hour-by-hour analysis impossible. Dkt. No. 260 at 2; Dkt. No. 260-1 at 2. The Court thus reduces Healthy Paws' hours by 50 percent in light of its "poorly documented" request, its failure to provide records sufficient to allow the Court to verify that the hours spent were reasonable and necessary, the likelihood of duplication of work, the number of hours expended by Plaintiffs on the issue, and the Court's knowledge of the amount of time needed to brief a motion for sanctions and the other tasks for which Healthy Paws seeks fees. *See Fischer*, 214 F.3d at 1122; *see also Waters*, 2023 WL 3304217, at *12 (reducing claimed hours by 30 percent because of the vagueness of counsel's "time entries"); *Little Genie Prods. LLC v. PHSI Inc.*, No. 2:12-CV-00357-RSM, 2014 WL 3050326, at *10 (W.D. Wash. July 2, 2014) (reducing claimed hours by 50 percent); *cf. Fathers & Daughters Nevada, LLC v. Lingfu Zhang*, No. 3:16-cv-1443-SI, 2018 WL 3023089, at *5 (D. Or. June 18, 2018) (reducing block-billed entry by 50 percent).

Upon thorough review of the record, the Court concludes that 113.15 total hours is a reasonable number of hours expended by Healthy Paws' counsel on this issue. Accordingly, Healthy Paws is entitled to a total of $51,658.75 in attorney's fees as reflected in the following chart:

| **Attorney** | **Reasonable Hourly Rate** | **Reasonable Number of Hours** | **Total** |
|---|---|---|---|
| Mr. Broome | $650 | 19.3 | $12,545.00 |

| Ms. Cobb | $575 | 27.85 | $16,013.75 |
|---|---|---|---|
| Ms. Henriquez | $350 | 13.3 | $4,655.00 |
| Mr. Longtin | $350 | 52.7 | $18,445.00 |

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Healthy Paws' request for fees. Dkt. No. 200. Plaintiffs are hereby ORDERED to pay Healthy Paws' attorneys' fees in the amount of $51,658.75.

Dated this 31st day of July, 2024.

Lauren King
United States District Judge

ORDER REGARDING MOTION FOR SANCTIONS - 11